**DAVIS v. BUCKLEY et al.**
No. 4719.

Court of Appeal of Louisiana. Second
Circuit.
March 29, 1934.

Rehearing Denied May 4, 1934.

G. H. Holloway, of Farmerville, and C. H. Morton, of Bernice, for appellant.

Barksdale, Warren & Barksdale, of Ruston, and Harry Fuller, of Winnfield, for appellee.

TALIAFERRO, Judge.

J. E. Buckley prosecutes this appeal from the judgment of the lower court condemning him to pay plaintiff workmen's compensation at the rate of $3.90 per week for thirty-six weeks, and bill of the physician who treated plaintiff's injuries. The defenses to the suit are these:

(1) That there was no contract of employment between defendant and plaintiff at time the latter was injured.

(2) That if there was any contractual relation between them, plaintiff was an independent contractor, and therefore defendant was not liable to him for compensation on account of his injuries.

Plaintiff, when injured, was performing the duties of a wood sawyer, pulling one end of a crosscut saw employed in sawing trees down and converting them into logs for sawmill uses. His compensation was based upon the amount of footage in the logs he and his co-worker would cut. He worked when and how he pleased. Even though the facts of his employment and the manner of its execution characterized him as an independent contractor, of which we have doubt, he would not thereby be precluded from recovering compensation, if otherwise due him, because the duties of his employment required manual labor on his part. Act No. 85 of 1926, p. 111, § 3, subd. 8. This act says that, for its own purposes, an "independent contractor" is any person who renders service, *other than manual labor*, for a specified recompense for a specified result, either as a unit or a whole, under the control of his principal as to results of his work only, etc. Dick v. Gravel Logging Co., 152 La. 994, 95 So. 99.

The testimony as to whether plaintiff was really in defendant's employ when in-

jured is somewhat mixed. When viewed in the light of all the circumstances of the case we think it preponderates in favor of plaintiff's contention.

The Mansfield Hardwood Lumber Company, also made defendant herein, owned certain timber in Lincoln parish and contracted with J. E. Buckley to cut and haul same to a railroad. He gave to his brother, E. E. Buckley, a contract to cut the trees into logs. Plaintiff was injured early in the morning of the second day after he began the work he claims he was performing for Buckley. His co-laborer, pulling one end of the saw, was C. R. Britt. Britt says J. E. Buckley employed him to saw down trees and convert them into logs and authorized him to engage some one to assist him as it required two men to do such work. He says he engaged plaintiff to help him. Britt had worked for Buckley prior to this time, but plaintiff had not. E. E. Buckley scaled the logs cut by this witness and plaintiff and paid to him the amount due them for labor to time plaintiff was injured.

Dr. Featherstone, who treated plaintiff's broken leg, testified that he was requested to perform this service by J. E. Buckley's team foreman; that Buckley was present when the leg was set, and that he (the witness) told him that he would not do the service unless Buckley would be responsible for his bill. Another witness testified that he heard J. E. Buckley say he was going to "take care of him (plaintiff) until he gets able to go to work."

Both of the Buckleys deny that plaintiff was employed by them, and E. E. Buckley denies that he authorized Britt to employ any one to help him saw logs. J. E. Buckley denies he promised to pay Dr. Featherstone's bill and denied that he ever stated he intended to take care of plaintiff until he was able to resume work.

The outstanding circumstances in plaintiff's favor are that he was assisting a man, admittedly employed by E. E. Buckley, to convert into sawlogs trees that both Buckleys had the right to, and which they wished to have, cut into logs; and that E. E. Buckley, with knowledge of all the facts, paid the correct amount due these two laborers for logs cut to the time plaintiff was injured, thereby, in effect, ratifying what Britt had done, if such were necessary. If he did not know plaintiff was working for him when in-

jured, it is strange he did not repudiate his action in unlawfully cutting the timber instead of paying him for his labor.

E. E. Buckley was a subcontractor of J. E. Buckley. Under section 6 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, p. 113, injured employees of the subcontractor may sue the principal contractor for compensation. Williams v. O. K. Construction Co. et al. (La. App.) 151 So. 784.

The judgment of the lower court is silent as to plaintiff's suit against the Mansfield Hardwood Lumber Company. This amounts to a rejection of his demand against it. There is no complaint in this court as to this part of the judgment.

We find no manifest error in the lower court's judgment, and same is affirmed.