## LIGHT v. LOUISIANA SHOWS CO., Inc.,
· et al.

### No. 1642.

Court of Appeal of Louisiana.  First Circuit.

Nov. 7, 1936.

[*]Writ of error refused Jan. 4, 1937.

Fern M. Wood, of Leesville, and Albritton & Hardin, of Baton Rouge, for appellant.

Johnson & Kantrow, of Baton Rouge, for appellees.

DORE, Judge.

Plaintiff brings this suit against the Louisiana Shows Company, Inc., and Ralph R. Miller, in solido, for compensation on account of an injury which he claims to have received on August 17, 1935, while working for the defendants at Mansefield, Mo., in the operation of a merry-go-round machine, in the course of which work his fingers were caught in the unguarded machinery and mangled to such an extent as to require the amputation of the first, middle, and ring fingers of his right hand. He claims that his wages were $1 per day for a 7-day week, and he prays for 65 per cent. of this amount per week for 70 weeks, plus $75 hospital and medical expense.

An exception of no cause or right of action was filed on behalf of both defendants; and, on June 4, 1935, the exception as to Ralph H. Miller was sustained. No action seems to have been taken on the exception filed by the Louisiana Shows Company, Inc., but the case went to trial as to this defendant, which trial resulted in a judgment of dismissal of plaintiff's claim. From this latter judgment, plaintiff prosecutes this appeal.

The answer of the Louisiana Shows Company, Inc., amounts to a general denial coupled with the special defense that plaintiff, when injured, was in the employ of one Harry Burke, the owner and operator of certain show equipment in the state of Missouri.

■ It is proven that the plaintiff suffered the injury of which he complains. But in order that he may recover from the Louisiana Shows Company, Inc., he must show by the preponderance of the evidence that he was employed by them. The only proof he offered of his employment was the statement of himself that he was hired by Mr. Ralph R. Miller to work for the Louisiana Shows in Millerville, La.; and from there he went with the shows to various points, and, when in Missouri, he received the injury for which he is claiming compensation; that he was working for two shows in Millerville; but on the second day Mr. Miller sent him to Reserve with Harry Burke, from which point the show went to several different places; that the show for which he worked was called the "Great Coney Show." He testified that, after he was hurt, Mr. Burke sent him to a doctor; that he stayed with the show 2 months and 2 weeks after his injury but left the show at Monroe, La., when Mr. Miller and Mr. Burke tried to get him to sign a release for $10, which he refused to accept. Plaintiff testified that Mr. Miller paid him sometimes and that Mr. Burke paid him at times.

Ralph R. Miller, called on cross-examination, testified that he had nothing to do with the Louisiana Shows, Inc.; that he did not hire nor pay the plaintiff; that he was not with the show at the time plaintiff was injured. Harry Burke testified that he hired and paid the plaintiff; that he owned the merry-go-round which plaintiff was operating when injured; that the Louisiana Shows Company, Inc., had nothing to do with hiring plaintiff; that the show which he operated was known as the "Great Coney Island Show"; that he took plaintiff to the doctor for treatment and paid for the amputation of the fingers. He further testified that Mr. Miller had nothing to do with the "Great Coney Island Show."

Two other witnesses testified that they operated and owned concessions with this "Great Coney Island Show" when plaintiff was injured and that Mr. Burke was the manager.

The plaintiff made an effort to impeach Harry Burke. He denied that he stated to plaintiff's attorney, when the attorney called on him for an adjustment of the claim, that he (Burke) would have to see or take the matter up with Mr. Ralph Miller. The attorney and plaintiff testified that Burke did make such a statement to the plaintiff's attorney; and we are inclined to believe that he did make such a statement, but yet that does not prove that plaintiff was in the employ of the Louisiana Shows Company, Inc., the only defendant with which we are concerned on this appeal. Even if plaintiff was employed by Miller, it does not appear that he was employed to work for the Louisiana Shows Company, Inc.; but the evidence is to the effect that, at the time he was injured, he was working for a show known as the "Great Coney Island Show."

■ We can readily appreciate the difficult position in which plaintiff and his counsel are placed in their effort to ascer-

tain and prove just who was plaintiff's employer; however, it is necessary in this kind of a claim, as in all others, for plaintiff to prove his claim with reasonable certainty. He has failed to prove this part of his claim, and his claim against the Louisiana Shows Company, Inc., was properly rejected.

Judgment affirmed.