ELLIS, Judge.
Plaintiff obtained a judgment against the defendant in which he was awarded compensation in the maximum amount not exceeding 400 weeks, with the usual interest, medical fees proven, and all costs, for total disability as the result of an alleged accident on January 8, 1952, while performing his duties as a carpenter. From this judgment the defendant has appealed. There are two questions presented for decision.
1. The defendant denies that it ever employed the plaintiff and asserts on the contrary that plaintiff’s employer was its president and manager, Alex Brown, who, it is alleged, had rather extensive repairs made to his private residence at 803 South Avenue “G”, Crowley, Louisiana, for which the latter personally contracted and paid all costs and labor. It is freely admitted that the plaintiff enjoyed the status of an employee, but the Court must decide whether defendant or Brown was his employer.
2. In the alternative defendant denies that the plaintiff suffered any disabilities as a result of the accident. It will not be necessary to decide this question if we find that plaintiff was employed by Brown as the suit is only against Brown & Cassidy Warehouse, Inc.
It is well settled that the Workmen’s Compensation Act, LSA-R.S. 23:-1021 et seq., is limited to the rights and duties that obtain between employer and employee and it follows that the existence of the employer-employee relationship is an essential requisite to any action arising under the Act, and a claimant must prove by a preponderance of evidence that he was an employee of the defendant at the time of the injury. See Malone’s Louisiana Workmen’s Compensation Law and Practice, Chapter 3, Section 51, pages 52 and 53; Light v. Louisiana Shows Co., Inc., La.App., 170 So. 505.
*893 The relationship of employer-employee is a contractual one, and therefore resolves itself into a question of fact to be determined by the evidence presented. The defendant’s main business consisted of the operation of a general warehouse, and it is not shown that it was ever engaged in the building or repairing of any private residences or buildings other than its own.
It is proven that Brown desired to make repairs on his home, which he owned, and was in no wise owned or controlled by the defendant, and he therefore contacted Carlton Perrodin, and employed him to do the work on his residence. Perrodin, it appears, then employed a crew of carpenters, which included his brother-in-law, plaintiff herein. Perrodin was recognized as the foreman on the job and kept the men’s time in addition to performing his other duties as foreman. It is admitted that if the plaintiff was injured on the day alleged it was while working on the private residence of Brown, in the scope of his employment.
It is shown that the plaintiff, as well as all other workmen, were apparently carried on the pay roll of the the defendant and paid by checks of the defendant, signed by Alex Brown, presumably in his capacity as president or manager. Further, pay roll sheets kept by the defendant’s bookkeeper, were introduced, and contained the names of all workmen on the Brown residence, among which was the plaintiff. Also introduced in evidence is a copy of the Employers Quarterly Federal Tax Return showing federal income taxes withheld from wages and Federal Insurance Contribution Act taxes paid by the employer. The employer’s name and address is given in this form as Brown & Cassidy Warehouse, Inc., Crowley, Louisiana. The plaintiff is show» as one of the employees on this return.
It is further shown that the defendant carried his compensation insurance with the Maryland Casualty Co. and the accident was investigated by one of its adjusters, who also sent the plaintiff to several doctors. However, this fact does not strengthen plaintiff’s case, for introduced in evidence is a policy of insurance which Alex Brown obtained from the Maryland Casualty Co. for the specific purpose of covering any accident or injuries which might occur- during the repair of his residence. Alex, Brown personally paid the premium on this policy and therefore Maryland Casualty Co. was obligated in the event either Brown or the defendant were held liable to plaintiff. By way of explanation of the apparent payment by the .defendant of the plaintiff’s wages and the withholdings out of his wages made by the defendant as employer, Brown testified that at the time he contracted with Per-rodin to repair his residence the defendant Company was indebted to him in the sum of $75,000, and in addition, for convenience he handled the transaction in the manner stated as Brown could use the defendant’s bookkeeper to issue the checks and personally charge him on the books of the company with all wages paid and all amounts withheld according to law. The records of the defendant company introduced in evidence show the indebtedness to Brown and also show that Brown’s account was personally charged with all wages and other payments made in connection with the repair on his residence.
It is true that some of the employees who testified stated that the defendant was their employer. This was based upon the fact that their wages were paid by checks of the defendant. However, all admit that the work which they performed was upon the private residence of Brown, and that they were never told -that they were employees of the defendant. There is no doubt that Brown contacted Perrodin for' the purpose of repairing his private home, and that is what he and the other workman did. He was apparently led to state that by virtue of his wages having been paid by the defendant he thought they were working for the defendant.
Payment of wages is a circumstance to be weighed in determining the employer. However, this fact alone is not sufficient to establish the one paying as the employer where there is sufficient evidence to the contrary.
*894 In the present case the property repaired was the private home of Brown, and the defendant had no interest therein, and it is shown that Brown contacted Perrodin for the purpose of having this repair work done. He did this in' his private capacity and not as president or manager of the defendant company. It is undisputed that at the time of the injury the plaintiff was performing work on Brown’s private residence, which was for Brown’s sole benefit and in no wise benefited the defendant. It is further shown by the facts that Brown alone had the right to control the details of the work being performed, and from the record this right to control rested in Brown as an individual and as owner of the residence and- not in any manner as president or manager of the defendant. Also, Brown alone was to benefit primarily and entirely from the repair work done on his private residence. In addition, there is nothing in the record that casts the least doubt upon Brown’s explanation of why the workmen were paid by checks of the defendant company, and all taxes withheld by it. In fact, when the entire evidence is considered, Brown’s explanation must be accepted as true.
In view of the fact that the burden of proof was upon the plaintiff, and for the reasons given he has fáiled to bear this burden, he is therefore not entitled to a judgment against the defendant. Plaintiff’s employer was Alex Brown and not the defendant. :
The plaintiff in his brief, relies upon the test set forth in the case of Alexander v. J. E. Hixson & Sons Funeral Home, La.App., 44 So.2d 487, 488, which was stated as follows:
“(1) The general statement of the law defining the status of Employer-Employee, found in American Jurisprudence, Vol. 35, Sec. 3, p. 445, is to the effect:
“The essence of the relationship' is the right to control. The four primary evidentiary factors considered in deciding the above are—
“1. Selection and engagement.
“2. Payment of wages.
“3. Power of dismissal.
“4. Power of control.”
While the Hixson case and the present case present different questions, namely, in the former the question was whether the plaintiff enjoyed the status of an employee while in the latter, the question presented is whether the defendant or the third party Brown was' the employer of the plaintiff-employee. However, the above test, when applied in the light of the facts in this case shows that plaintiff was selected and engaged through Perrodin who, in turn, was selected, engaged and employed by Brown, and the wages of plaintiff, though apparently paid by the defendant, were actually paid by Brown. Therefore, Brown alone had the power of dismissal and the power of control individually and not in any capacity as manager or president of the defendant Company.
The plaintiff further contends that the judgment of the District Court should not be disturbed unless manifestly erroneous-. This is true, but in the present case the learned Judge below did not give written reasons, and we do not know precisely what testimony, other than the defendant’s apparent payment of wages and withholding of all taxes due, formed the basis of his conclusion that the defendant was the employer of the plaintiff. It is also well settled and recognized that it is the duty of an Appellate Court to reverse an inferior Court where it is convinced from the record that the judgment is manifestly erroneous.
It is therefore ordered that the judgment of the District Court be reversed and the plaintiff’s suit dismissed at his cost.