150 So.2d 789 (1963)
Raymond JACK, Plaintiff-Appellant,
v.
Oscar SYLVESTER, Jr., et al., Defendant-Appellee.
No. 770.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1963.
Rehearing Denied March 27, 1963.
*790 Cavanaugh, Hickman, Brame & Holt, by Edmund E. Woodley, Lake Charles, for defendants-appellants.
Frugé & Foret, by J. Burton Foret, Ville Platte, for defendant-appellee.
Tate & Tate, by Paul C. Tate, Mamou, for plaintiff-appellee.
Lewis & Lewis, by John M. Shaw, Opelousas, for defendant-appellee.
Before TATE, SAVOY and HOOD, JJ.
SAVOY, Judge.
This suit was instituted by plaintiff against the liability insurer of Oscar Sylvester, Jr., Travelers Indemnity Company. Alternatively, plaintiff sued under the Workmen's Compensation Act the compensation carrier of Oscar Sylvester, Jr., United States Fidelity and Guaranty Company; and the compensation insurer of Euzebe Fontenot, Southern Farm Bureau Casualty Company.
Defendant, Travelers, filed a general denial and also stated in its answer that the accident complained of by plaintiff was caused solely by the negligence of plaintiff in the following particulars:
"A. In climbing on the back of a truck without the knowledge or consent of the driver or any other person present or in control of the towing operation.
"B. In failing to recognize the danger inherent in his wrongful act and in voluntarily placing himself in the position of danger when he knew or should have known the possibility of an accident or injury resulting therefrom."
The two other defendants filed answers, exceptions and pleas, which exceptions were overruled by the trial court. Both answers alleged that there was no employee-employer relationship between plaintiff and Oscar Sylvester, Jr. and Euzebe Fontenot, respectively.
After a trial on the merits, the trial judge found that there was no employee-employer relationship between plaintiff and the said Oscar Sylvester, Jr. and Euzebe Fontenot, and dismissed said suit and to their compensation carriers. He held the liability insurer of Oscar Sylvester, Jr., liable in damages, being of the opinion that an employee of Sylvester was negligent in operating a tractor attached by a cable to a truck upon which plaintiff was standing at the time of the accident, and awarded him judgment in the sum of $5,000.00. Travelers Indemnity Company has appealed from this judgment.
The record reveals that on February 11, 1961, the employees of Oscar Sylvester, Jr., were employed in repairing a broken levee in Evangeline Parish, Louisiana, for Euzebe Fontenot, with whom plaintiff had worked in the past. However, on the date of the accident, plaintiff was not doing any work for Mr. Fontenot. Plaintiff had been fishing in a nearby pond prior to said accident.
During the levee operation, a dragline used in the work became stuck in soft mud. In an attempt to extricate said dragline, several persons in the vicinity of said dragline used shovels. There is some conflict in the testimony as to whether plaintiff assisted in said work.
The shoveling operation proved unsuccessful and a winch truck was secured to remove the dragline from its position. Because of the condition of the muddy area, the truck had to be brought near the dragline by a bulldozer or tractor. After the dragline was able to move under its own power, the line was detached and the truck was dragged from the scene of the operations. Just prior to this last operation, *791 Raymond Jack either asked the operator of the truck, Melvin Gallow, or was told by the driver that he could ride in the cab of the truck. Plaintiff, however, elected to mount the rear of the truck, a floorless type, crouched and grabbed a rack mounted on the back of the cab. He also held in one hand the fish which he caught before he went to the scene of the dragline operation. The truck was pulled through the mud for some distance, at which time plaintiff slipped or fell from his perch, receiving physical injuries which are the subject of the instant suit.
This Court will first consider the alternative allegation made by plaintiff in an attempt to recover from the compensation carriers of Messrs. Sylvester and Fontenot.
Without detailing the evidence on this point, this Court is convinced that there was no employee-employer relationship between plaintiff and either Sylvester or Fontenot. The record reveals that plaintiff was not employed by Fontenot on the day of the accident, nor was he employed by Sylvester. There is a conflict of testimony as to whether plaintiff participated in the work necessary to extricate the dragline when it became stuck in the mud. However, if he did any shoveling, it was not at the request or under the direction of any of the employees of Sylvester.
It is well settled that the Workmen's Compensation Act, LSA-R.S. 23:1021 et seq., is limited to the rights and duties that obtain between an employer and employee, and it follows that the existence of the employer-employee relationship is an essential requisite to any action arising under the Act, and a claimant must prove by a preponderance of the evidence that he was an employee of the defendant at the time of the injury. See Malone's Louisiana Workmen's Compensation Law and Practice, Chapter 3, Section 51, pages 52 and 53; Light v. Louisiana Shows Co., La.App., 1 Cir., 1936, 170 So. 505; and Menard v. Brown & Cassidy Warehouse, Inc., La. App., 1 Cir., 1954, 72 So.2d 891. See also the cases of Alexander v. J. E. Hixson & Sons Funeral Home, La.App., 1 Cir., 1950, 44 So.2d 487; and Early v. Ethyl Employees Recreation Association, La.App., 1 Cir., 1958, 101 So.2d 716.
We will next consider the correctness of the judgment of the district court holding defendant, Travelers Indemnity Company, liable in damages to plaintiff.
As stated before, plaintiff either asked to or was invited by an employee of Sylvester, Melvin Gallow, to ride in the cab of the truck which Gallow was driving. He did not choose to do this, but rather, rode in the rear of the truck which did not have a floor.
Plaintiff contends in this Court that defendant should be held liable in damages for the reason that shortly after he mounted the truck in question, it was pulled by a caterpillar and chain, and that the operator of the tractor was negligent in taking up a slack in the chain attached to the truck, causing a jerking of the truck, without warning plaintiff of his action. Plaintiff contends further in this Court that the jerking of the truck caused him to fall and incur physical damages sued for, and that this negligence was the sole cause of the accident. The trial judge held as contended by plaintiff before this Court.
This Court is unable to agree with the judgment of the district court insofar as it held the liability insurer responsible to plaintiff for damages.
The case of Brown v. Waller, La.App., 2 Cir., 1942, 8 So.2d 304, involved a hitchhiker who rode on a tool box mounted on a truck. In denying recovery to plaintiff, who had sued for injuries sustained when he fell from the cab, the court held:
"* * * He contends here that it was negligence for defendant's truck driver to invite an ignorant `country lad' to ride on top of the cab of the truck. Plaintiff was a normal man, 21 *792 years of age, with a third grade education. He was raised on a farm and had been in a CCC Camp for many months regularly performing the duties assigned to him. There is nothing in the record to indicate that plaintiff was incapable of recognizing any ordinary danger that might confront him. It requires no special skill or knowledge for one to know that it is not as safe to ride on the top of a car or on the bumper or fender as it is to ride in the regular seat provided for passengers."
In the instant case, plaintiff should have anticipated that some jerking would occur when the operator of the tractor pulled the truck through marshy and rough terrain. As the tractor went downhill, it was reasonable to expect that the slack in the cable would be taken up, and that some jerking movement would occur.
When a person voluntarily exposes himself to a known danger, he assumes the risk, and, as stated by some courts, is guilty of contributory negligence if injured. Spears v. American Fidelity & Casualty Company, La.App., Orl., 1960, 123 So.2d 513; Constantin v. Bankers Fire and Marine Insurance Co., La.App., 3 Cir., 1961, 129 So.2d 269; and, Gaspard v. Grain Dealers Mutual Insurance Company, La. App., 3 Cir., 1961, 131 So.2d 831.
Plaintiff assumed any risks which would cause him injury while the truck or tractor were being operated in a reasonable and prudent manner. Bordelon v. Great American Indemnity Company, La.App., 3 Cir., 1960, 124 So.2d 634.
Counsel for plaintiff states in brief that defendant cannot defend the instant case on the doctrine of assumption of risk. The answer of defendant, Travelers, is broad enough to invoke said doctrine. See Clark v. Cit Con Oil Corporation, et al., La. App., 150 So.2d 784.
For the reasons assigned, the judgment of the district court is reversed insofar as it declares Travelers Indemnity Company, the liability insurer of Oscar Sylvester, Jr., to be responsible to plaintiff for damages suffered in the instant case; and judgment is hereby rendered in favor of Travelers Indemnity Company and against plaintiff, Raymond Jack, rejecting his demands and dismissing his suit. In all other respects, the judgment of the district court is affirmed. Plaintiff is to pay costs of court in both courts.
Affirmed in part, reversed in part and rendered.

On Application for Rehearing.
En Banc. Rehearing denied.