CHASEZ, Judge.
This is an action by plaintiff, Lawrence M. Sicard, endeavoring to recover workmen’s compensation benefits from the defendant, the City of New Orleans. From a judgment in favor of the plaintiff, defendant appeals.
The record reflects that plaintiff was employed as a process server of the Juvenile Court of the Parish of Orleans. On December 16, 1963, while in the course and *673 scope of his employment, defendant met with an automobile accident in which he sustained serious injuries. A stipulation was entered into by the plaintiff and defendant at the trial on the merits, which, in effect, narrowed the issue to the question of whether the City of New Orleans was the employer of plaintiff. The City contended that plaintiff was not employed by the City of New Orleans, therefore, the City did not owe compensation to the plaintiff. The trial judge awarded plaintiff judgment granting him disability benefits from January IS, 1964, to July 15, 1964, under the Compensation Act, medical expenses in the amount of $795.58, 12% penalties, and attorney’s fees.
The sole issue in this appeal is likewise whether the plaintiff is an employee of the City, thereby making the City liable to him for workmen’s compensation.
The City contends that plaintiff was an employee of the Juvenile Court, which is not an agency of the City, therefore, the City has no control or supervision over plaintiff; thus, under the Compensation law, the City cannot be held liable for compensation.
It is well settled that for recovery of compensation the relationship of employer and employee must be established. See LSA-R.S. 23:1031; McDonald v. Ouachita Commercial Insurance Agency, 129 So.2d 296 (La.App.1961); Benton v. Pope, 130 So.2d 724 (La.App.1961); Hano v. Kinchen, 122 So.2d 889 (La.App.1960); Menard v. Brown & Cassidy Warehouse, 72 So.2d 891 (La.App.1954). The employee-employer relationship is determined essentially by the right of control and supervision over the employee. The factors to be considered in deciding the right of control and supervision are the selection and engagement of the worker, the payment of wages of the worker, and the power of control and dismissal. See Menard v. Brown & Cassidy Warehouse, supra. In the case of Book v. Police Jury of Concordia Parish, 59 So.2d 151 (La.App.1952), the court cited, with approval, from 35 Am.Jur. § 3, “Master and Servant”, pages 445-146:
“ ‘While it is said that at common law there are four elements which are considered upon the question whether the relationship of master and servant exists, — namely, the selection and engagement of the servant, the payment of wages, the power of dismissal, and the power of the control of the servant’s conduct, — the really essential element of the relationship is the right of control — the right of one person, the master, to order and control another, the servant, in the performance of work by the latter, and the right to direct the manner in which the work shall be done. It is, moreover, essential that the master shall have control and direction not only of the employment to which the contract relates, but also of all its details, and if these elements of control and direction are lacking, no relationship of master and servant exists. The test of the employer-employee relation is the right of the employer to exercise control of the details and method of performing the work. It is the element of control of the work that distinguishes the relationship of master and servant from the independent contractor relationship, for the most important test in determining whether one employed to do a certain work is an independent contractor or a mere servant is the control over the work which is reserved to the employer.’ ”
In the Book case the Police Jury of Con-cordia Parish paid the salary of the plaintiff; however, the Louisiana State Board of Health exercised the right to hire, discharge, control and supervise the work of plaintiff. It was held that the proper party to recover workmen’s compensation from, regardless of who paid the salary, was the Louisiana State Board of Health. In Menard v. Brown & Cassidy Warehouse, supra, it was held that, although the de *674 fendant regularly paid the plaintiff, he was not an employee of the defendant. The above cases hold that the payment of salary is not the essence of the employer-employee relationship but that control and supervision is the essential factor in deciding whose employee a worker is and from whom workmen’s compensation is due.
In this case the record reflects that the plaintiff was hired by the judges of the Juvenile Court for the Parish of Orleans. According to LSA-R.S. 13:1587.1, the judges have this power. The record further reflects that plaintiff’s immediate supervisor was the Clerk of the Juvenile Court who controlled and directed his work. The power to discharge the plaintiff was likewise in the hands of the Judges of the Juvenile Court. His immediate supervisor, the Clerk of the Juvenile Court was answerable to the Judges of the Court. His salary, however, was paid by the City of New Orleans, as required by LSA-R.S. 13:1568. Thus the only relationship that the City of New Orleans had with plaintiff was the payment of his salary. This factor is not controlling in determining who is plaintiff’s employer. The control and supervision of the plaintiff is much more important and in this case the record indicates that plaintiff’s supervisor was the clerk, who, in turn, was responsible to the Judges of the Juvenile Court. We are thus constrained to hold that plaintiff is not an employee of the City of New Orleans but an employee of the Juvenile Court for the Parish of Orleans. Moreover, the Juvenile Court is a State Court, created by the Constitution and it and its employees are not in any manner subservient to any executive branch of government, including the City of New Orleans. The only relationship to the Court that the City has is its financial support by legislative fiat. Thus, since plaintiff is controlled and supervised by officials of the State of Louisiana, we must then hold that he is not an employee of the City of New Orleans and for that reason the City of New Orleans cannot be constrained to provide plaintiff with workmen’s compensation.
For the foregoing reasons, the judgment is reversed and judgment entered dismissing plaintiff’s claim against defendant at plaintiff’s cost.
Reversed.