SWIFT, Judge.
This is an appeal from a judgment sustaining a peremptory exception and dismissing the plaintiff’s suit for workmen’s compensation benefits for the reason that he was not in defendant’s employ at the time of the accident.
The facts are relatively undisputed.
On March 24, 1969, John Solman was employed as a truck driver by defendant, Louisiana Grocers Co-Operative, Inc., and was compensated on the basis of the number of cases of groceries he delivered. Being in a hurry to get back to the warehouse for another load, he asked Albert Porter, plaintiff, if he wanted “to make a couple of bucks” by helping him • unload the truck. The plaintiff agreed, and in the course of doing so injured his right thumb.
Both Solman and John Rhinehart, the company’s shipping supervisor, testified that Porter was neither employed nor paid by Louisiana Grocers Co-Operative, Inc. for his work on this or any other occasion, and that Solman had no authority to employ him for such company. Although Mr. Rhinehart was unaware of Porter’s employment by Solman, he admitted he knew that some of the drivers occasionally hired helpers to unload their trucks. When they did, however, the helpers were paid by the drivers, who were acting entirely for themselves to increase their deliveries and their compensation, because no truck driver was authorized to hire anyone on behalf of Louisiana Grocers Co-Operative, Inc.
The plaintiff testified that one of the two dollars paid to him by Solman was furnished by Louisiana Grocers, but this was disputed by Solman who said he paid Porter out of his own pocket without being reimbursed by the company.
The trial judge concluded that despite knowledge by executives of Louisiana Grocers Co-Operative, Inc. of the practice of its truck drivers hiring helpers to unload their trucks, there was no employee-employer relationship between such defendant and the plaintiff in this instance. We agree entirely with his findings of fact and conclusion of law.
“It is well settled that the Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq., is limited to the rights and duties that obtain between an employer and employee, and it follows that the existence of the employer-employee relationship is *711 an essential requisite to any action arising under the Act, and a claimant must prove by a preponderance of the evidence that he was an employee of the defendant at the time of the injury. * * * ”
Jack v. Sylvester, 150 So.2d 789, at page 791, (La.App. 3 Cir. 1963).
In this case the preponderance of evidence establishes that Porter was an employee of Solman, not Louisiana Grocers Co-Operative, Inc. Solman had no authority to hire anyone to work for his employer, and no wages were paid plaintiff by the latter. The fact that Louisiana Grocer’s shipping supervisor knew its truck drivers were occasionally hiring and paying helpers to assist in unloading the trucks means no more than the company knew these persons were employing helpers for themselves, not as its employees.
Appellant’s argument in this Court was based principally on two paragraphs of Section 56 in Chapter 3 of Malone’s Louisiana Workmen’s Compensation Law and Practice, and particularly the emphasized sentence of the following paragraph:
“Of course the agent must be duly authorized to employ on his master’s behalf, and one worker who secures another to assist him does not thereby create the relation of employer and employee between his helper and his employer. Generally, a common laborer is not clothed with ostensible authority to create an employment on his master’s behalf. If, however, the employer, having full knowledge of the fact, allows the sub-employee to continue working for him, he may be estopped to deny any absence of authority to hire. Likewise, an employer who has placed his work in the hands of another and has vested him with apparent general authority to hire helpers, cannot assert secret limitations on the authority granted.” (Emphasis by this court).
In our opinion the first sentence of this quotation correctly sets forth the general rule of law that is applicable in the present case. In Davis v. Buckley, 153 So. 303 (La.App. 2 Cir. 1934), the case cited by Professor Malone as authority for the principle which appellant contends we should apply, the plaintiff was actually paid for his labor by the employer, not by the co-employee who engaged him to do the work, and the court concluded the employer knew the plaintiff was working for him. Certainly, an employee-employer relationship would exist where the employer knew the alleged employee was engaged to work for him and paid his wages, regardless of whether the actual hiring was done by the employer or a co-employee. However, no one involt ed in the present case, except possibly the plaintiff after he was injured, thought Porter was working for Louisiana Grocers Co-Operative, Inc., rather than Solman, and no wages were paid him by the company.
The next paragraph in Section 56 'of Mr. Malone’s treatise deals with intermediate employers and independent contractors. There is no credible evidence in the record which indicates that Solman had any authority to hire an employee for Louisiana Grocers Co-Operative, Inc. or that anyone believed Porter was so employed. Nor is there any indication that Solman was an independent contractor, free of the direction and control of his employer, rather than an employee. Consequently, the principles of law and authorities discussed by Mr. Malone in that paragraph of his work are in-apposite.
For the foregoing reasons, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.