BLANCHE, Judge.
Plaintiff-appellee, Clara (Pat) Courtney, sustained physical injuries and damages on *233 June 20, 1967, while riding as a guest passenger in a wrecker truck driven by her father, Robert Courtney, and owned by his employer, Hood Motor Company, Inc. The driver of the truck in which she was riding had gone to the assistance of a truck owned by the defendant, Smith Grocery Company, Inc., and driven by its employee, Walter H. Anderson. The truck driven by Anderson had broken down on Louisiana Highway 51 and Robert Courtney, who was on call from his employer to- render assistance to the disabled truck, arrived at the scene and found the bed of the truck resting on the wheels of the rear tandem axle. To clear the wheels, he backed his wrecker up to the back of the grocery truck and hooked cables to each side of the truck van and with the winch on the wrecker lifted the body of the tandem off the wheels. In this position he instructed the driver of the grocery truck to drive slowly down the highway to a truck stop pulling his wrecker behind. While the grocery truck was pulling the wrecker, the wrecker turned over and Miss Courtney was injured.
The trial court rendered judgment in favor of the plaintiff against Hood Motor Company and its insurer, Fireman’s Fund Insurance Company, in the sum of $5,000 and against Hood Motor Company in the additional sum of $14,997.59 and in favor of Hood Motor Company as third party plaintiff and against Robert D. Courtney, third party defendant, in the sum of $14,997.59. Suit was dismissed as against Walter H. Anderson, Smith Grocery Company and its insurer, St. Paul Fire and Marine Insurance Company. Fireman’s Fund Insurance Company and Hood Motor Company, Inc., have appealed. However, Smith Grocery Company, Walter H. Anderson and St. Paul Fire and Marine Insurance Company have answered the appeal alternatively seeking reversal of the judgment rejecting their third party demands against Fireman’s Fund, Hood and Robert Courtney in the event of a reversal by this Court of the judgment dismissing plaintiff’s demands against them. We affirm the judgment of the trial court in all respects, save the amounts awarded to plaintiff for special damages which will be amended as hereinafter set forth.
The record is absent any evidence to show that plaintiff knew or should have known that the methods employed by her father, Robert Courtney, to rescue the disabled truck were dangerous. She lived in Los Angeles, California, and at that time was visiting with her father. To keep him company she went with him in the wrecker, watched him hook it to the back of the truck and got back into the wrecker without knowing what plan of action would be employed to tow the truck. The record being silent on any expertise she may have had concerning the operation at hand, we believe that she had every right to assume that her father knew his job and would conduct the same with safety. Furthermore, the evidence showed that the wrecker while being towed by the grocery truck suddenly and without warning overturned. Accordingly, she had no advance notice of the danger involved so that she might protest for her own safety.
To bar recovery on negligence or contributory negligence, the danger must be visible and obvious, and there must be some showing that the plaintiff had knowledge of the imminent danger to cause him to assume the risk. Appellant cites the cases of Brown v. Waller, 8 So.2d 304 (La.App.2nd Cir. 1942), and Jack v. Sylvester, 150 So.2d 789 (La.App.3rd Cir. 1963), in which the Court found the risk obvious and properly held that the plaintiffs assumed the risk, thus making those cases inapplicable to the case at hand.
Appellant next urges as error the trial court’s failure to find that Walter Anderson, the driver of the grocery truck, was guilty of negligence proximately causing the accident. The record shows that the entire towing operation was under the control and supervision of Mr. Courtney and that Anderson carried out Courtney’s *234 instructions exactly as given. Also, the testimony of other wrecker operators called as experts shows that customarily the wrecker operator is in charge of and responsible for the towing operation.
Lastly, it is urged on appeal that the District Court’s award of both special and general damages was incorrect and excessive and that it should not have considered the reports and opinions of chiropractors over counsel’s objection in determining damages.
On the question of quantum we quote from the trial judge’s opinion:
“The question of quantum arises next. Though not apparently dangerous to life, the injuries to plaintiff, an unmarried female of about 30 years [of] age, were severe, painful and discomforting and caused suffering in varying degree for some VY2 years following the accident She was initially hospitalized at Lallie Kemp Charity Hospital for a short period, and on three different occasions during 1967 and 1968 at Memorial Hospital of Southern California. Her principal medical physicians were Drs. Daniel A. Long, specialist in internal medicine, Los Angeles, California, and George S. Ro-back, specialist in general surgery, Los Angeles, California. She also received numerous chiropractic treatments from Drs. Paul Macklin and Lowell Cripe, both of California.
“Medically her injuries were described as consisting of a cerebral concussion with a post-concussion syndrome still present on June 5, 1968 exemplified by the absence of the right patellar reflex, a fracture of the right seventh rib, a laceration of the forehead requiring sutures, a puncture wound of the knee, a significant cosmetic deformity of the right anterior thigh with the loss of considerable soft tissue in this area resulting in a one-half inch loss of circumference in the right thigh 4 inches above the knee as compared with the left thigh, multiple foreign bodies in the right thigh which were from time to time surgically removed, abrasions and contusions of considerable degree mostly on the right side of her body. The Court observed the deep abrasion and scarring with loss of tissue along most of the anterior aspect of the right thigh. The chiropractors described conditions commonly referred to as cervical and sacro-lumbar sprains. The plaintiff lost 22 weeks of work with Scientific Data Systems from the time of the accident until her discharge from her employment on October 25, 1968 on account of excessive sick leaves. According to her employer she was earning $2.73 per hour for a 40 hour week which represents a proved total loss of wages in the sum of $2,402.40.
“Her medical and hospital expenses caused by the accidental injuries have been proved to total the sum of $2,585.19.
“The Court believes Miss Courtney had substantially recovered when the case was heard, and although unemployed since October 25, 1968, the evidence indicates her condition did not prevent or gravitate against her being employable from the date of October 25, 1968 forward. She is still confronted with the residuals represented by the rather massive scarring which causes her concern and depression about the unsightliness of the condition. The record reflects that prior to the accident she participated in numerous forms of sports including bowling, swimming and tennis and that she liked to go dancying [sic] in mod regalia. She states that she can no longer participate in these activities because of physical limitations and the embarrassment caused by the scarring of her right thigh.
“The Court is of the opinion that an award of $15,000.00 to the plaintiff for her physical pain and suffering, temporary disability of approximately one and one-half years and residuals arising from her injuries is proper and adequate.” (Reasons for Judgment, Record, pp. 135, 136, 137)
*235 The trial court possesses great discretion in assessing awards of damages, LSA-C.C. art. 1934(3); Lomenick v. Schoeffler Cadillac, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and we are satisfied from our review of the record that the trial court did not abuse this discretion and that the award of $15,000 general damages for the injuries sustained by plaintiff and related pain and suffering is neither inadequate nor excessive.
The trial court awarded plaintiff $2,585.-19 for medical and hospital expenses. However, the recoverable medical expenses proved at trial were as follows:
Stevens Ambulance Service $ 10.80 (P-8)
Lallle Kemp Hospital 75.00 (P-9)
Baton Rouge General Hospital 52.00 (P-10)
Dr. Charles H. Baughman 20.00 (P-11)
Dr. Sim Galinson 40.00 (P-12)
Dr. George S. Roback 280.00 (P-13)
Memorial Hospital of Southern California 1,269.60 (P-14)
Dr. Richard Barton 15.00 (P-18)
Dr. Louis Splgelman 90.00 (P-19)
Accordingly, the judgment of the trial court will be amended so as to reduce the award to plaintiff for these expenses to the sum of $1,852.40.
The award for loss of wages is also in error, as Plaintiff Exhibit No. 23 shows that three weeks of work missed by plaintiff were due to a respiratory infection which was not proved to be related to the accident. Considering her hourly wage at $2.73 per hour, a weekly wage of $109.20 is indicated, and, therefore, the award for loss of wages should be reduced to the sum of $2,074.80.
While the trial judge referred to the fact that plaintiff received treatment from chiropractors who described her as having a condition commonly known as a cervical and sacrolumbar sprain, the record reveals that he excluded their reports from the evidence. Despite the above reference by the trial judge to their description of her injuries, we do not believe that the trial judge gave any weight to the proffered evidence. Additionally, the other evidence more than amply supports the award.
For the above and foregoing reasons, the judgment of the trial court is amended to reduce the award in plaintiff’s favor as set forth hereinabove with the result that the judgment in her favor and against Hood Motor Company, Inc, is reduced to the sum of $13,927.20, and the judgment in favor of Hood Motor Company, Inc, as third party plaintiff and against Robert D. Courtney is reduced to the sum of $13,927.-20. In all other respects the judgment is affirmed. All costs of this appeal are to be paid by defendants-appellants.
Amended and as amended affirmed.