FRUGÉ, Judge.
The plaintiff, while employed by H D E in Oakdale, Louisiana as a sawyer and millwright, suffered a cerebral impairment. Competent medical testimony indicates that Mr. Ferguson experienced either cerebral thrombosis or cerebral hemorrhage. He instituted this suit to recover workmen’s compensation benefits.
On August 7, 1970, after approximately two weeks of employment, the plaintiff was to receive his first pay check. He arrived at work and went to the plant office to obtain his check. Upon receipt he left the office and almost immediately thereafter noticed the amount to be about $25.00 less than what he thought his employer had promised. Mr. Ferguson returned to the office and argued with Mr. Beasley, the plant superintendent, and Mr. Edwards, the mill foreman, concerning the alleged mistake. During the course of the argument and immediately thereafter he suffered the injury as described above.
The plaintiff asserts that this injury was an accident as contemplated by R.S. 23:1021 and that it took place during the course and arose out of his employment. The trial judge denied recovery basing his decision solely on the holding in the case of Danziger v. Employers Mutual Liability Insurance Company of Wisconsin, 245 La. 33, 156 So.2d 468 (1963). We affirm.
The plaintiff has presented a very organized and thought-provoking argument, but has not convinced this court that there is any distinction between the instant case and Danziger, supra, which would justify our awarding compensation.
In Danziger, supra, the plaintiff, who was the manager of the defendant corporation, was awakened at about 1:30 a. m. by a phone call advising that one of the members of the Board of Directors of the defendant corporation had died. He immediately began making arrangements to attend the funeral in Memphis, Tennessee, with other selected employees. Matters concerning the company’s operations in his absence also had to be given consideration. During this hurried preparation he suffered a stroke which was permanently and totally disabling. The injury purportedly was a result of a cerebral thrombosis or cerebral embolism. The court denied recovery.
Justice McCaleb, speaking for the court, stated that cerebral thrombosis was not an “injury” nor was emotional shock which allegedly caused the stroke an accident within the intendment of the Employer’s Liability Statute.
The terms “accident” and “injury” are defined in R.S. 23:1021(1), (7). As to their meaning we quote Justice McCaleb:
“This provision is clear and explicit; hence it needs no interpretation. In restricting by definition compensable injuries to those affecting the physical structure of the body, it necessarily narrows *693 the scope of the statute to traumatic physical hurts, evidence of which must appear in order for the event to be classified as an ‘accident’ as defined by paragraph (1) of R.S. 23:1021. Consequently, then, the law of this State does not provide for the payment of compensation for disabling diseases resulting from emotion or psychic trauma upon which the claim in this case is founded.”
In Danziger, the court stated that the jurisprudence applicable to “heart ailments and other vascular diseases” constitutes an extension of the act to cover heart attacks, even though there has been no traumatic physical hurt, so long as the employee is engaged in physical labor. The decision states that the heart cases are now so numerous they must be followed. However, the court emphasizes that these cases limit recovery to the situation where the employee is engaged in physical labor at the time of the heart attack. The court then held that since Mr. Danziger was a “white collar” worker who did not perform manual labor and was not performing such labor at the time of his paralytic stroke, there was no accident within the rule of the heart cases. The Danziger opinion expressly holds that emotional strain or upset cannot be the cause of an accident under our workmen’s compensation act.
Applying Danziger to the present case, recovery must be denied. Plaintiff was not engaged in manual labor at the time of his stroke. The stroke was caused entirely by emotional upset.
Justice Sanders wrote a strong dissent in Danziger. The decision is also criticized in Malone, Louisiana Workmen’s Compensation Law and Practice, 1964, pp. 95 et seq. However, it is still the law of this state and the present case is indistinguishable from it.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be borne by the plaintiff-appellant.
Affirmed.