274 So.2d 783 (1973)
Thomas Huey FERGUSON
v.
H D E, INC. and Vancouver Plywood Company.
No. 3651.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
John P. Godfrey, Many, for plaintiff-appellant.
Merritt B. Chastain, of Smitherman, Smitherman, Lunn & Hussey, Shreveport, for defendants-appellees.
Before FRUGE, CULPEPPER, and DOMENGEAUX, JJ.
*784 FRUGE, Judge.
This workmen's compensation case is before us on remand from the Supreme Court. Plaintiff suffered a cerebral hemorrhage or a cerebral thrombosis while in an argument with his supervisors over the amount of his pay check. His suit for compensation benefits was dismissed by the trial court which based its opinion upon Danziger v. Employers Mutual Liability Insurance Company of Wisconsin, 245 La. 33, 156 So.2d 468 (1963). This court affirmed on the same basis. Ferguson v. HDE, Inc., 254 So.2d 691 (La.App. 3rd Cir., 1971). After granting writs, the Supreme Court reversed stating "to the extent that the Danziger case held that there can be no `accident' and no `injury' when the disability results solely from extraordinary mental or emotional causes, it is overruled". It held that "Ferguson suffered an injury arising out of and in the course of his employment", and that the injury resulted from an accident as defined by the workmen's compensation statute. Ferguson v. HDE, Inc., La., 270 So.2d 867 (1972), Supreme Court Docket No. 52044. It remanded the case so that this court could determine the extent of Ferguson's disability.
There is no serious dispute as to disability. Plaintiff's employment with HDE, Inc., was that of a millwright and relief sawyer. Dr. Donald Taylor stated that in his opinion, plaintiff Ferguson would not be able to perform the work of either a sawyer or a millwright. Dr. Rufus Craig, a specialist in internal medicine, stated that Ferguson would not be able to perform any type of work which required skill, mechanical aptitude, or any amount of lifting or straining. He was of the opinion that in the future Ferguson would be able to do only light and sedentary work. Dr. William R. Giddens, who is also a specialist in internal medicine, stated that Ferguson's cerebral vascular accident, together with his hypertension, disabled him. In connection with Dr. Giddens' testimony, it must be noted that plaintiff underwent a pre-employment physical examination by a doctor selected by HDE, Inc., three weeks before the accident and was found capable of performing the work for which he was hired. We, therefore, conclude that plaintiff Ferguson was totally and permanently disabled by the accident which he suffered.
There remain two other issues for disposition. The plaintiff filed suit against both HDE, Inc., and Vancouver Plywood Company, Inc. In answer to plaintiff's petition, HDE admitted that plaintiff was employed by it. However, Vancouver denied that plaintiff was employed by it and alleged that HDE, Inc., is Vancouver's wholly owned subsidiary. The plaintiff produced no evidence that he was employed by Vancouver Plywood Company, Inc. In Jack v. Sylvester, 150 So.2d 789 (La.App. 3rd Cir., 1963), this court stated that:
"It is well settled that the Workmen's Compensation Act, LSA-R.S. 23:1021 et seq., is limited to the rights and duties that obtain between an employer and employee, and it follows that the existence of the employer-employee relationship is an essential requisite to any action arising under the Act, and a claimant must prove by a preponderance of the evidence that he was an employee of the defendant at the time of the injury. See Malone's Louisiana Workmen's Compensation Law and Practice, Chapter 3, Section 51, pages 52 and 53; Light v. Louisiana Shows Co., La.App., 1 Cir., 1936, 170 So. 505; and Menard v. Brown & Cassidy Warehouse, Inc., La.App., 1 Cir., 1954, 72 So.2d 891. See also the cases of Alexander v. J. E. Hixson & Sons Funeral Home, La.App., 1 Cir., 1950, 44 So. 2d 487; and Early v. Ethyl Employees Recreation Association, La.App., 1 Cir., 1958, 101 So.2d 716."
The plaintiff has not proved by a preponderance of the evidence that Vancouver Plywood Company, Inc., was his employer at the time of the accident. Accordingly, *785 the judgment dismissing his compensation suit was correct insofar as it applied to Vancouver Plywood Company, Inc.
Plaintiff-appellant has also requested that we set the expert witness fees of Drs. Craig, Taylor and Neson at not less than $100 each, tax these fees as costs, and assess all costs of the proceeding below to defendant-appellee. These fees, as well as other proper costs, may be fixed and taxed under a rule filed for the purpose in the trial court. LSA-R.S. 13:3666(B)(2); LSA-C.C.P. Article 1920; Lafayette Airport Commission v. Roy, 265 So.2d 459 (La.App. 3rd Cir., 1972). Since there is no evidence in the record relating to the appropriateness of these fees, the trial court is in a better position to fix these fees and other costs and to assess costs. The plaintiff should proceed by rule in that court to recover these amounts.
For the foregoing reasons, the judgment of the trial court is affirmed to the extent that it dismissed plaintiff's action against Vancouver Plywood Company, Inc., and is reversed insofar as it applies to HDE, Inc. The judgment of the trial court is amended to read: It is therefore ordered, adjudged, and decreed that there be judgment herein in favor of petitioner, Thomas Huey Ferguson, and against the defendant, HDE, Inc., in the full sum of Forty-nine and No/100 ($49.00) Dollars per week for the period of his disability, not to exceed 500 weeks, beginning on or about August 7, 1970, with legal interest on each unpaid weekly installment from its due date until paid and for medical and hospital expenses not to exceed Twelve Thousand Five Hundred and No/100 ($12,500.00) Dollars.
All costs of this appeal are assessed to defendant-appellee, HDE, Inc.
Affirmed in part, reversed in part.