Dear Marshal Reitzell:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. In your correspondence, you relate that one of your deputies was injured in the performance of his duties. After your office filed the necessary documentation to have his medical bills paid through workmen's compensation, the City of Monroe refused to pay the claim. As we understand your request, you ask whether the City of Monroe is obligated by law to pay compensation benefits to this deputy marshal.
Specific legislation governing a deputy marshal of the City of Monroe is provided in LSA-R.S. 13:2081.1, which states:
 The marshal of the city court of Monroe may appoint one or more deputies, on the approval of the city judge. The deputies shall have the same powers and authority as the marshal; provided, that he shall at all times be responsible for their actions. The deputies shall receive a minimum annual salary of seven thousand two hundred dollars, payable by the city of Monroe, and such sum as may be fixed from time to time by the parish of Ouachita. The city of Monroe or the parish of Ouachita may increase the monthly salary of any deputy marshal payable by them.
A review of the Louisiana Workers' Compensation Act, LSA-R.S.23:1021, et seq., reflects that a political subdivision (i.e. the city or the parish) is responsible in compensation for injuries suffered by its employees. LSA-R.S. 23:1034(A). The existence of this employer-employee relationship is generally an essential requisite to any action arising under the Act. Lewis vs. Bellow, 212 So.2d 540 (La.App. 1968); Warren vs. Town of Winnfield, 38 So.2d 171 (La.App. 1949).
Although LSA-R.S. 23:1034 provides workers' compensation benefits to employees of political subdivisions, it excepts from coverage "an official of the state or a political subdivision thereof" as defined under LSA-R.S. 42:1. Reference to LSA-R.S.42:1 reflects that the terms "public office" and "public officer" are defined as follows:
 As used in this title, the term `public office' means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
 `Public officer' is any person holding a public office in this state.
A political subdivision is liable for compensation if it is determined that the political subdivision is the statutory employer for purposes of compensation. A statutory employer liable for compensation enjoys the right of control and supervision over the employee. The factors to be considered in deciding the right of control and supervision are the selection and engagement of the worker, the payment of wages of the worker, and the power to control and dismiss. Sicard vs. City of New Orleans, 176 So.2d 672 (La.App. 4th Cir. 1965); reversed on other grounds, 184 So.2d 21 (La. 1966).
In Sicard, supra, the payment of a process server's salary was not the controlling factor in defining who was his employer for purposes of workers' compensation. Rather, the court emphasized the factors of control, supervision, and the ability to discharge an individual from employment as determinative of which entity is properly characterized as the employer. It is doubtful then, that either the parish or the city would be properly characterized as the employer, solely on the basis that the deputy marshal's salary is funded by both political subdivisions. Pertinent to this determination is the element of control that is exercised over the individual's actions in the performance of his job-related duties.
A deputy marshal characterized as a public official, rather than an employee of a political subdivision, becomes excluded from workers' compensation benefits. In Cloud vs. State, 420 So.2d 1259
(La.App. 3rd Cir. 1982); writ denied, 432 So.2d 1166 and 1167 (La. 1982), the court held a deputy coroner was a public official excluded from coverage. The court's analysis is helpful:
 Other cases on the subject have used various tests to distinguish between employees and public officials. When measured by these tests, deputy coroners come out looking like public officials. For example, a public official acts as agent of the State and exercises a portion of the sovereign power. Another test is whether the office involves a large degree of independence and the public servant is not under the direct control and supervision of an employer. A public official makes important policy decisions. He has no contractual relationship with the state . . . the [deputy coroner's] position meets these tests. . . . See Cloud, supra, at pp. 1262, 1263; (citations omitted).
See also Coker vs. State Dept. of Elections and Registration,469 So.2d 451 (La.App. 3rd Cir. 1985) (election commissioner was a public official and thus excluded from coverage under workers' compensation for injuries sustained while lifting a voting machine).
Our research reflects no jurisprudence specifically addressing the issue of whether a deputy marshal is a public official excluded from coverage under the Act. It may be that the City has refused to pay this claim on the basis that the City considers this deputy marshal a public official and excluded from coverage under the Act. However, we are unaware of the basis upon which the City denied the claim. In any event, it is inappropriate for this office to make factual conclusions concerning a particular individual which are better left for administrative or judicial determination.
Finally, for your further information, note that a political subdivision may, in its own discretion, provide workers' compensation coverage for its officials in addition to providing such coverage for its employees. This authority is found within the provisions of LSA-R.S. 23:1034(C).
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/REITZELL