Plaintiff instituted this suit as lessee of the Arlington Hotel building, situated in Shreveport, Louisiana, to recover for damages alleged to have been inflicted on a fire escape which is attached to said building. The Arlington Hotel building abuts a public alley and the fire escape extends out and over said alley. Plaintiff alleged that a truck owned and operated by defendant was driven into said fire escape, thereby damaging it in the amount of $125, the cost of repairs, which he seeks to recover. He alleged the accident and resulting damage were due solely to the gross negligence of the driver of the truck; that the fire escape was in full view and should have been seen by the truck driver if he had been keeping a proper lookout and had not been driving on his left or wrong side of said alley.
Defendant filed an exception of no cause of action, which was overruled below, and is not urged here. It then answered denying negligence on the part of its truck driver and alleging that the sole and proximate cause of the damage was the negligence of the plaintiff in failing to maintain the fire escape in a safe and proper condition, in allowing it to descend to a position low enough to have been struck by a vehicle passing through the public alley, over which the fire escape encroached, and in obstructing the alley and creating a condition such as would not be readily anticipated by a person of reasonable prudence traversing said alley in a lawful vehicle. In the alternative, it pleaded contributory negligence on the part of plaintiff.
The lower Court rendered judgment for plaintiff as prayed for and defendant is now prosecuting this appeal.
The alley where the accident occurred runs east and west and is approximately sixteen feet in width. It intersects Louisiana Avenue, which runs north and south. The rear of the Arlington Hotel is situated on the southwest corner of the intersection and there is another building facing *Page 562 
Louisiana Avenue, situated on the northwest corner. The only eyewitness to the accident was the truck driver, who was used by plaintiff as his witness. He testified that on the morning of the accident he was engaged in delivering freight for the defendant and had some for a business whose back entrance faces this alley. The truck driver proceeded from defendant's warehouse to Louisiana Avenue and drove south on said Avenue until he arrived at this alley. He found a truck parked in the entrance to said alley, on the north side thereof and directly behind the Arlington Hotel; that the rear of the parked truck protruded out beyond the east line of said Hotel. He brought his truck to a very low speed and turned to his right into said alley, his speed at the time being about three miles per hour. Due to the parked truck being on the north side of said alley, he was forced to enter the alley on the south side thereof, which was his left side. He was driving very slowly and carefully, watching to avoid striking the parked truck, when he felt something strike his truck. He stopped immediately, got out to see what had happened and then discovered that the top of his truck had come in contact with the fire escape. He backed his truck and pulled closer to the parked truck and went on to make his deliveries. The upper left hand corner of defendant's truck had struck the fire escape, which was attached to the rear end of the Hotel and extended out over the alley.
This witness testified that he had never traveled this alley before and that he did not see the fire escape until after it came in contact with his truck and that he could not have seen it, due to the location of the buildings and the parked truck; and that after he entered the alley he could not see the fire escape because of the height of the truck seat and that part of the cab of the truck which was overhead. The fire escape came in contact with the body of the truck approximately four inches from its top and, by actual measurement, the point where the truck was contacted by the fire escape was eight feet, eleven inches from the surface of the alley. The record also discloses that if the fire escape had been raised to its maximum height, the truck would have passed under it and had a two-inch clearance. The maximum height of the truck was, therefore, nine feet, three inches, and the maximum height of the fire escape when properly raised was nine feet, five inches. This evidence, in our opinion, shows that at the time of the accident the fire escape was six inches lower than it should have been had it been maintained in a proper manner.
Plaintiff contends that the truck driver entered the alley with his vision obscured and, therefore, at his peril and that it was gross negligence for him to have entered the alley as he did. This alley was and is a public throughfare, maintained principally for the use of those delivering freight, etc., and if we should sustain plaintiff's contention, we would have to find that because a truck had been parked on one side of the alley, defendant's truck driver was deprived of the use of that alley in delivering his freight.
[1-3] The truck driver took every precaution in entering the alley and after he had passed the rear end of the parked truck and while still on Louisiana Avenue, he had sufficient view up the alley if any pedestrians or vehicles were coming thereon. He was only traveling three miles per hour and could stop his truck at a moment's notice. While it is true he could not see the fire escape, for the reasons given by him, it is our opinion that he was justified in assuming there would be no obstruction above the surface of the alley that would come in contact with his truck. Public streets and alleys are for the use of the public and no owner of property abutting said streets or alleys has the right to place an obstruction therein, whether it be on the surface of the street or alley or above or below the surface. If an obstruction is placed above the surface, it at least must be sufficiently high not to obstruct the use thereof by lawful vehicles.
In Louisiana, a truck not more than twelve feet, six inches in height is a lawful vehicle, so far as height is concerned. Act 286 of 1938, Section 5, Par. (c), as amended by Act 54 of 1942.
[4] We might add further that the City of Shreveport is without authority unless specially granted by the Legislature, which is not shown in this case, to authorize any obstruction to be placed on, above or below the streets and alleys of the City, all of which are public thoroughfares for the use of the public whether traveling by foot or in a lawful vehicle. 25 Am.Jur., Par. 314 and Par. 272. *Page 563 
We therefore conclude that the plaintiff is without right to recover in this case.
The judgment of the lower Court is erroneous and is reversed and the demands of plaintiff are rejected at his cost.