This is an appeal by the defendants, Herrin Transportation Company and American Fidelity Insurance Company, from a judgment awarding the plaintiff, the New Orleans Terminal Company, damages in the amount of $879.86.
The record reflects that on March 17th, 1947, a large truck and trailer of the defendant, Herrin Transportation Company, was traveling from the lake towards the river in Iberville Street, in the City of New Orleans, and proceeded to cross Basin Street. The neutral ground of Basin Street contains the tracks of the plaintiff, which serves the terminal station and this track area is enclosed by iron fences on the lake and river sides of Basin Street. In order to afford passage across these tracks at Iberville Street, gates existed in these fences on both sides of the track area. Each structure consisted of two movable gates suspended on rollers from an overhead iron beam supported by columns. The defendant's truck was travelling slowly and passed under the first overhead structure on the lakeside of Basin Street without mishap and while passing under the second overhead structure on the riverside of Basin Street, the top of the trailer contacted the overhead beam of the structure, causing it to fall to the ground, resulting in the damages which are the subject of this litigation.
The only question posed by the foregoing facts is whether there was any negligence on the part of the truck driver, an employee of Herrin Transportation Company.
Counsel for both plaintiff and defendant concede that they have been unable to find any case specifically apposite and analogous. However, counsel for plaintiff rely primarily on what they contend is a "pertinent and favorable decision" in Culpepper v. Leonard Truck Lines, 208 La. 1084, 24 So.2d 148. The decision in that case reversed the Court of Appeal for the Second Circuit, 23 So.2d 561, and awarded damages to the building owner, whose fire escape *Page 906 
was suspended above an alley and was struck by the top of a motor vehicle using that alley. The court was of the opinion that [208 La. 1084, 24 So.2d 151]:
"When the truck driver entered the alley on the wrong side and continued to travel without observing as large a physical object as a fire escape, he undoubtedly failed to observe that which he should have seen. According to his testimony, the lower end of the fire escape could not have been more than approximately two feet above the top of his head while he was sitting in the cab of his truck.
"For the purpose of this decision, we might concede that the obstruction was unlawful. However, the facts in this case leave some doubt on that point. The fact that an obstruction is unlawful cannot excuse a motorist from exercising the degree of care required of him."
We are of the opinion that this case is neither apposite nor analogous in that the court, in that case, held, in arriving at its decision, that the truck driver had failed to observe that which he should have seen. The fire escape was plainly visible to the truck driver, who had entered the alley on the wrong side and continued to travel in the said alley without observing such a large physical object as a fire escape.
Counsel for the defendants rely upon the fact that the truck passed through the first gate without striking the overhead beam and, therefore, the operator thereof had the right to assume that the elevation of the riverside was the same as the lakeside of the structure.
The evidence reflects a difference of approximately two inches in the elevation of the lake and river overhead gate structures. A summation of the evidence would indicate this difference is in the street level. The engineers, who testified for the respective litigants, estimated the elevation of the overhead beam of the lakeside gate structure at 11.92 feet above the street and the elevation of the overhead beam of the riverside gate structure at 11.74 or 11.75 feet. The witnesses for the plaintiff testified that you could not, with the naked eye, observe any difference in the height of the two overhead structures.
Neil Carroll, the truck driver, testified that he had driven through this gate before with the "same equipment", but he could not be certain whether he was, on previous occasions, using identically the same truck and trailer or a similar one. The height of the trailer body was estimated at eleven feet, seven to nine inches.
It will be observed that there is no statute or city ordinance to the effect that such a structure, as the one which we are considering, must afford a clearance to or beyond that height.
Act No. 286 of 1938, as amended by Act No. 54 of 1942, Section 5, thereof, provides: "(c) (Height). No vehicle unladen or with a load shall exceed a height of twelve (12) feet six (6) inches; provided, that nothing herein shall be held to constitute an obligation on the part of the State to provide such clearance."
The mandate of Section 5 is directed to the height of motor vehicles and is not concerned with the clearance of state owned or maintained overhead structures, as will be observed from the disclaimer in the last clause quoted in that section.
As stated hereinabove, counsel for both plaintiff and defendant concede that they have been unable to find any case specifically in point and neither have we, however, there are a great many cases in each of which one overhead structure is involved, but neither counsel nor we have been able to find where a vehicle passed safely under the first of two or more structures, which appeared to a reasonably prudent man to be of the same height and subsequently an accident occurred by virtue of the vehicle striking the second overhead structure.
In this instance, the driver of the truck was travelling in a careful and prudent manner and had safely passed under one overhead structure, but because of the difference of approximately two inches in elevation, which was not visible to the eye of a reasonably prudent man, the accident and resulting damage in question occurred.
Counsel for plaintiff concede, hypothetically, that if a foot of clearance had existed between the top of the truck and the *Page 907 
overhead beam on the lake side of Basin Street, there may not have been any negligence and resulting liability on the part of the defendants, but since approximately only two inches of clearance existed on the lake side of the shed and the top of the truck and the truck struck the riverside thereof, a fortiori, there is liability. We find ourselves unable to follow this rationalization relative to the disparagement of clearances that would or would not create negligence and resulting liability. To follow this premise to its ultimate conclusion would, per se, result, by analogy, in our counting how many angels could dance on the point of a needle.
In our opinion no negligence or fault attached to the truck driver in this instance. If any negligence existed it was on the part of the plaintiff. The defendant's truck driver certainly had a right to use the street which traversed the plaintiff's tracks and, by the same token, he had a right to assume that the elevation of the overhead structure on the lakeside of plaintiff's property was the same as the elevation on the riverside of plaintiff's property.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the defendants dismissing plaintiff's suit at its cost.
Reversed.