514 So.2d 234 (1987)
Yancy ZELLERS
v.
NATIONAL AMERICAN INSURANCE COMPANY and Mary Tillotson.
No. 87-CA-262.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1987.
Scheuermann & Jones, Lawrence Blake Jones, Mark M. Gonzalez, New Orleans, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, Vincent Paciera, Jr., New Orleans, for defendants-appellees.
Before CHEHARDY C.J., and KLIEBERT and GAUDIN, JJ.
*235 CHEHARDY, Chief Judge.
Plaintiff, Yancy Zellers, appeals from a summary judgment granted to defendants Mary Tillotson and National American Insurance Company. Plaintiff's action was instituted as a result of injuries he sustained after falling out of a tree he was hired to cut down by defendant Mary Tillotson, the tree owner.
On appeal plaintiff asserts the summary judgment was improperly granted because genuine issues of material fact exist. In particular, plaintiff contends there are genuine issues of material fact regarding whether a defect or improvement on the property existed which would give rise to strict liability under LSA-C.C. art. 2317, as to whether Tillotson was negligent, and concerning plaintiff's comparative negligence or his assumption of the risk.
The record containing the pleadings of the parties and plaintiff's deposition show plaintiff operates a business of cutting and trimming trees as an adjunct to his regular job with Asplundh Tree Expert Company. He had been engaged in the business of tree cutting for several years.
Defendant Mary Tillotson owned a residence on which a dead or dying hackberry tree was located. Because of the tree's condition, she sought to have it cut down and removed. To this end defendant contacted the Gretna Department of Streets and was informed the city did not perform such services. However, the director of the department was familiar with plaintiff's tree-cutting business and through a friend of plaintiff's notified him of defendant's inquiry. Plaintiff thereafter contacted defendant to offer his services.
After the discussion, plaintiff visited the property the tree was located on and inspected the tree. His inspection revealed the tree was almost dead. Because its condition made it dangerous to work on, he negotiated a higher fee ($1,200) than he normally charged. The offer was accepted and subsequently plaintiff commenced work.
Prior to climbing the tree to begin cutting the branches, plaintiff and a helper cleared the area beneath the tree limbs.
This involved removing the body of a barbecue pit which then left the two supporting pipes exposed. The pipes protruded approximately 2 feet from the ground. Neither plaintiff nor his helper attempted to cover the pipes nor did they attempt to cover a third pipe which appeared to be a reinforcement rod. The reinforcement pipe was old and rusty. It protruded a couple of feet from the ground and stood approximately 18 inches from the supporting pipes for the barbecue pit. After the area was cleared, plaintiff climbed the tree wearing a safety harness connected to a rope which he used to raise or lower himself. Plaintiff also wore spikes attached to his shoes to assist him in climbing. Approximately a half hour after beginning the work, plaintiff started to descend the tree after severing one large limb of the tree. At some point in his descent, his safety line became tangled in the tree's smaller branches. In order to disengage the tangle, plaintiff climbed back up the tree and unfastened his safety line to free the rope from the smaller branches. While plaintiff was conducting this maneuver, he placed one arm around the stump of the branch he had previously cut. He managed to free the line and was attempting to refasten the slip rope when his tree spikes disengaged from the tree trunk, causing him to fall 25 to 30 feet. In plaintiff's fall he apparently struck one or more of the pipes protruding from the ground.
Following these events plaintiff filed suit against defendants for injuries to his back. Defendants responded with a motion for summary judgment, which was granted by the trial judge, without written reasons, on September 18, 1986.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file and affidavits, if any, show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Kerwin v. Nu-Way Const. Service, Inc., 451 So.2d 1193 (La.App. 5 Cir.1984), writ denied 457 So.2d 11 (La.1984). Only when reasonable minds must inevitably concur as a *236 matter of law on the facts before the court is a summary judgment warranted. Thornhill v. Black, Sivalla & Bryson, Inc., 394 So.2d 1189 (La.1981). Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits. Thornhill v. Black, Sivalls & Bryson, Inc., id.; Ruschel v. Wesbak Park, 466 So.2d 584 (La.App. 5 Cir.1985).
In a negligence action under LSA-C.C. art. 2315 the plaintiff must prove that the defendant's conduct was a cause in fact of the injury; that defendant owed a legal duty encompassing the particular risk of harm to which plaintiff was exposed; that defendant breached that duty; and the damages sustained by plaintiff. Forest v. State, thru Louisiana D. of Transp., 493 So.2d 563 (La.1986). In strict liability actions plaintiff must show the thing causing the damage was in the care or custody of the defendant; that it had a vice or defect which caused an unreasonable risk of injury to another; and that the injury complained of was caused by the vice or defect. Shafouk Nor El Din Hamza v. Bourgeois, 493 So.2d 112 (La.App. 5 Cir.1986), writ denied 497 So.2d 1013 (La.1986). The sole difference in the plaintiff's burden of proof in strict liability is that the plaintiff is relieved of proving the owner or custodian of the defective thing knew or should have known of the risk involved. McKinnie v. Dept. of Transp. & Development, 426 So.2d 344 (La.App. 2 Cir.1983), writ denied, 432 So.2d 266 (La.1983); Loescher v. Parr, 324 So.2d 441 (La.1975).
The petition filed in this case alleges Tillotson was negligent in "not warning plaintiff of the defective condition of the tree," "not warning plaintiff of the defective condition of the tree," "not warning plaintiff of dangerous pipe pertruding [sic] from the ground" and "such other acts of negligence as may be shown at the trial of this matter." Plaintiff further alleged the applicability of C.C. arts. 2317, 2322. The defendants filed an answer alleging plaintiff's own negligence or assumption of the risk as the sole cause of his injury.
In conjunction with the motion for summary judgment defendants submitted plaintiff's deposition from which the foregoing facts were extracted. As can be seen by those facts, contrary to plaintiff's allegations in his petition, plaintiff admitted knowledge of the dying condition of the tree, the extent of the damage and the inherent danger of attempting to cut down a tree in that condition. He admitted knowledge of the hardness of the wood in a hackberry tree making it more difficult to climb even with the shoe spikes. In fact he was sufficiently concerned about the danger to charge defendant a larger fee than he normally would have requested.
Plaintiff was also aware of the exposed pipes beneath the branches of the tree. It was his actions that exposed two of the pipes and he furthermore failed to cover all of the exposed pipes as a precaution against a fall.
As a general rule in negligence cases causation is a question of fact whereas duty is an issue of law. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984). Thus, cases involving causation are not generally subject to dismissal by summary judgment. Likewise issues of reasonableness are not ordinarily disposed by a summary judgment. Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La. App. 3 Cir.1982), writ denied 422 So.2d 164 (La.1982). However, such a procedural vehicle is available to a defendant where the opposing party has had adequate opportunity to develop the evidence and the facts before the court show no suggested basis for imposing liability on defendant. Acosta v. Dardar, 379 So.2d 820 (La.App. 4 Cir.1980), writ denied 381 So.2d 508 (La. 1980). See also Shafouk Nor El Din Hamza v. Bourgeois, supra.
In this case, the moribund condition of the tree may have constituted a hazard imposing liability on defendant, had it caused an injury to someone other than this particular plaintiff under these particular circumstances. But this plaintiff is clearly a professional tree cutter who was specifically hired to eliminate the potential danger. He entered into that work fully cognizant of the risks he was incurring. These uncontested facts do not show a *237 basis for imposing liability on defendants, and we can conceive of no other facts, nor has plaintiff suggested any, which would impose liability on defendants for plaintiff's injury. Since we conclude reasonable minds must inevitably concur as a matter of law on these particular facts, we find the summary judgment was properly granted. Thornhill v. Black, Sivalls & Bryson, Inc., supra.
For the foregoing reasons, the trial court judgment is hereby affirmed. Appellant is to pay costs of this appeal.
AFFIRMED.