DUFRESNE, Judge.
In this tort action, Plaintiff, Charlotte Luckette appeals the judgment of the trial court granting defendants’ Motion for Involuntary Dismissal.
Charlotte Luckette (plaintiff) sued Mr. and Mrs. Carlo Sammartino and their homeowner’s insurer, State Farm Fire and Casualty Insurance Company for alleged injuries sustained on their property. At the time of the alleged injuries, the plaintiff was working as a pest control technician for Orkin Exterminating Company and was assigned the residence of the defendants in Metairie, Louisiana to perform pest control duties. While in the course and scope of her duties she alleges that she stepped in a concealed rat hole and sustained injuries to her back and leg. She alleges that defendants were negligent in failing to maintain their property, failing to provide her with a safe place to work and failing to inform her of the hazard. Additionally, plaintiff sought recovery under a theory of strict liability, alleging a defect on the premises which created an unreasonable risk of harm and, as such, caused her injuries.
At trial, plaintiff presented her case to the judge and rested, after which defendants moved for an involuntary dismissal of plaintiff’s action which was granted. The trial court denied plaintiff’s Motion for a New Trial. She now comes before this court on appeal seeking relief from the granting of the involuntary dismissal of her case and assigns the following errors:
1. The court, in granting the Motion for Involuntary Dismissal, erred in not considering the evidence of defendants’ negligence in failing to follow plaintiff’s advice in caring for their property and to provide for the safety of others by warning plaintiff about covered rat burrows.
2. The court further erred in failing to find plaintiff proved liability under La.C.C. Art. 2317, by failing to follow the precedent presented to the court at trial and in plaintiff’s Motion for a New Trial, more particularly the court’s finding that plaintiff assumed the risk of injury and caused her own injury.
3. The court erred in failing to consider any evidence of comparative negligence of plaintiff and the defendants under La.C.C. Art. 2323.
Plaintiff alleges that she initially serviced the home of the defendants on November 13, 1985, when she sprayed for cockroaches indoors, and, at their direction, placed poison in certain rat burrows on the sides of the house, along with tracking powder. At this time, she noticed on defendant’s property a lot of harborage which is a pile of trash and weeds that provides shelter for rodents. She advised them to get rid of it because its removal would aid in ridding the premises of the rats.
About a month later, on December 11, 1985, plaintiff returned to service defendants’ residence. When she arrived she learned from defendants that they were still having problems with rats; also she contends that they had not followed her instructions to clean up the harborage. Plaintiff proceeded to the sides of the house to place a chemical poison in the rat burrow openings to kill the rats.
Plaintiff followed her normal operating procedure, placing the poison in the burrows. She walked along the side of the *519 house, inches from the house, looking for burrows, and would stoop and place the bait in the burrow opening by hand.
She alleges that each burrow opening which was visible was baited. However, as she moved along the house she alleges that her foot slipped in a burrow which was covered by grass and leaves, but that appeared to her to be solid ground. Either Mr. or Mrs. Sammartino helped her out of the burrow, and she continued servicing their house.
Plaintiff sought treatment for her alleged back and leg injuries and subsequently settled her workmen’s compensation claims with her employer, Orkin, however she maintained her action for damages against the defendants with Orkin intervening for reimbursement of compensation benefits.
After close of plaintiff’s case, the trial court granted defendants’ Motion for Involuntary Dismissal pursuant to LSA-C.C.P. art. 1672. The court held that there was no fault here on the part of the defendants for plaintiff’s alleged injuries, either under a theory of negligence or strict liability. The court found that plaintiff had not established her case by a preponderance of the evidence and had failed to prove liability under any theory of law; consequently her case was dismissed.
In a negligence action, plaintiff must prove that defendants’ conduct was the cause in fact of the injuries; that defendants owed a legal duty encompassing the particular risk of harm to which plaintiff was exposed; that defendants breached that duty; and damages were sustained by plaintiff. Forrest v. State Through Louisiana Department of Transportation, 493 So.2d 563 (La.1986).
At the time of this accident, plaintiff was employed by Orkin (a major pest control corporation) as a professional pest control technician. She was trained on the job, as well as in the classroom, and was certified by the State. Plaintiff knew of the rodent problem and was specifically hired to eliminate these pests.
Plaintiff entered upon defendants’ premises fully cognizant of the risks involved and the level of difficulty. Plaintiff knew of the rat holes, however her employment duties obliged her to utilize her skill, training, experience and knowledge to perform a task for which she was to be compensated.
We are not convinced that plaintiff did not know or was unaware of the inherent problems associated with the rat burrows. The rat problem was exactly what plaintiff was hired to rid. Plaintiff’s own conduct and the manner in which she carried out her duties was the cause in fact for her injuries. Zellers v. National American Insurance Company, 514 So.2d 234 (La.App. 5th Cir.1987).
Furthermore, plaintiff has failed to prove liability under a theory of strict liability. LSA-C.C. art. 2317. Plaintiff need not prove negligence, that is, that any particular act or omission on the part of the defendants caused her injuries. She must only prove that the “thing” (property) which caused the damage was in the custody or “garde” of the defendants, that the thing had a vice or defect (that it occasioned an unreasonable risk of injury to another) and that her injury was caused by the defect. Once these elements have been proved, the custodian will escape liability only upon showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistable force. Loescher v. Parr, 324 So.2d 441 (La.1975); Shipp v. City of Alexandria, 395 So.2d 727 (La.1981).
We find that plaintiff failed to establish with competent evidence that defendants are strictly liable for her alleged injuries. After reviewing the record we are convinced that plaintiff knew or should have known of the rat holes and should have anticipated these changes, thus she was the cause of her own accident. Zellers, supra and Stine v. Creel, 417 So.2d 1243 (La.App. 1st Cir.1982).
Under either theory of liability, plaintiff had the burden of proving her case by the preponderance of the evidence sufficient to establish a prima facie case against the *520 defendants. We find that plaintiff failed to meet this burden, consequently the judgment of the trial court is correct.
For the reasons set forth above, we affirm the decision of the trial court.
AFFIRMED.