535 So.2d 1319 (1988)
Lawrence R. PAUL
v.
COMMERCIAL UNION INSURANCE COMPANY and S & W Designs, Inc.
Lawrence R. PAUL
v.
HOLLYWOOD DOOR COMPANY, INC. and Louisiana Home Builders Association.
Nos. 88-CA-444, 88-CA-445.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1988.
Anthony J. Livaccari, Jr., New Orleans, for defendants/appellees.
*1320 Rudolph R. Schoemann, Schoemann & Associates, Matt Greenbaum, New Orleans, for plaintiff/appellant.
Sutherland, Juge & Keevers, Denis Paul Juge, Jeffrey C. Napolitano, New Orleans, for intervenor/appellant.
Before BOWES, GAUDIN, and GOTHARD, JJ.
GOTHARD, Judge.
This is a tort action by plaintiff against S & W Designs, Inc. and its insurer, Commercial Union Insurance Company. Hollywood Door Co., Inc., the plaintiff's employer, intervened seeking to recover compensation and medical benefits paid to plaintiff because of the injuries sustained in the instant case.
After submission of the case on trial memoranda and deposition testimony, the trial judge rejected plaintiff's demands and dismissed the suit. From this judgment plaintiff and intervenor have appealed.[1]
The issues involved in this appeal are whether defendant, S & W Designs, Inc., was guilty of negligence; whether plaintiff was at fault in causing his own injury; and the quantum of damages. However, we need only discuss the fault issues, as our decision there will pretermit the need for discussion of the quantum issue.
On February 26, 1985, the date of his alleged injury, plaintiff and two of his co-employees were instructed by their employer to deliver ten pre-fabricated fireplaces to the S & W construction site on Max Drive in Harvey, Louisiana. S & W was contracted to build four-plexes at this site, and the fireplaces were to be delivered to these units. Each fireplace was encased in a metal box about six feet high and two feet wide, weighing about 200 pounds. Plaintiff's duty was to carry the fireplaces from the truck to the units. The weather condition that day, though not yet raining, was overcast. The day before, it had rained extensively, which caused the construction site to become a sea of mud and water littered with construction debris. Despite these conditions and alleged warnings from the owner of S & W, plaintiff proceeded with delivery.
Plaintiff was assisted in carrying the fireplaces by one of his co-workers. The two worked, one holding the front and one the back, with plaintiff in the front walking backwards. After plaintiff delivered three of the fireplaces, on the fourth delivery, he alleges that his back was injured when he slipped in a six inch deep mudhole and the fireplace fell on top of him. Plaintiff also alleges that he injured his elbow when he hit it on a metal window while carrying one of the other fireplaces.
The question these facts present for our determination is whether the conditions at the defendant's construction site on February 26, 1985, posed an unreasonable risk of injury to the plaintiff.
The owner or person occupying land has a duty to keep such property in a reasonably safe condition. This person must discover any unreasonably dangerous condition on the premises and either correct the condition or warn potential victims of its existence. Madden v. Saik, 511 So. 2d 855 (La.App. Cir. 4 1987) writs denied 514 So.2d 131. This duty is the same regardless of whether fault is asserted under the negligence theory, or a strict liability theory, the difference in the two being the burden of proof as regards the defendant's knowledge of the danger. See Zellers v. National American Ins. Co., 514 So.2d 234 (La.App. Cir. 5 1987).
On the other hand, the occupier of land does not insure an individual against the possibility of an accident on his premises, but rather he must act reasonably in view of the probability of injuries to others. Bush v. Lafayette Ins. Co., 477 So.2d 900 (La.App. Cir. 4 1985) writ denied 478 So.2d 910. Thus, there is no liability for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to that individual as to the one who occupies the premises. Shelton v. Aetna *1321 Casualty & Surety Company, 334 So.2d 406 (La.1976); Clark v. Cit Con Oil Corporation, 150 So.2d 784 (La.App. Cir. 3 1963) cert. ref. 244 La. 395, 152 So.2d 62. Accordingly, the defendant S & W owed to plaintiff the duty to exercise reasonable and ordinary care for the safety of plaintiff commensurate with the particular circumstances involved.
Under either a strict liability theory or negligence liability theory, the plaintiff must make out his case by a preponderance of the evidence and with reasonable certainty. Madden v. Saik, supra. In light of the above statement, the plaintiff must prove that the injury which he received was a result of slipping in the mudhole as alleged, that the mudhole created an unreasonable risk of injury, that S & W breached some duty owed to the plaintiff and said breach of duty was the cause of the injury. The defendant S & W responds that the fault and/or negligence of the plaintiff precludes any recovery on his part.
In written reasons for judgment, the trial judge found that there was no negligence or other fault on the part of S & W, and that plaintiff had not shown by a preponderance of evidence that S & W's conduct was unreasonable. He further concluded that the construction site had not posed an unreasonable risk of injury to this plaintiff.
Plaintiff does not contest that he was fully cognizant of the mud and water at the construction site. Nevertheless, he maintains that S & W owed him the duty of reasonable conduct owed by an occupier of land, and that duty was breached. Plaintiff argues that S & W should have put boards down over the mud and water to correct the dangerous condition so that deliveries to the site could be made safely. However, S & W had no duty to protect plaintiff in this situation and, in fact, there is evidence that S & W did act reasonably by its owner pointing out the hazardous conditions to plaintiff and suggesting a later delivery date. Though the plaintiff denied such warning, it is not necessary to settle this conflict in the evidence, as we believe S & W did not fail any duty to plaintiff and was not negligent. Also, plaintiff was not injured by an unreasonably dangerous condition on the S & W construction site, but rather by the unsafe manner in which he performed his work.
After reviewing the record we hold that the trial court was correct. There is no showing that the mud and water at the site constituted an unreasonably dangerous condition to plaintiff. The record attests to the fact that the plaintiff entered on the S & W construction site of his own accord and at the instruction of his employer. Plaintiff was fully aware of the condition of the construction site. He knew that he could slip and lose his balance in the mud and water. He also knew that if he did slip there was danger of harm. These were obvious dangers, no more obvious to the defendant S & W, than to plaintiff.
We are also of the opinion that when the plaintiff walked backwards through the muddy construction site not knowing whether there was mudholes or debris in his path, he was negligent and caused his own injury.
In view of our determinations relative to the issues of liability, it is not necessary to discuss the issue of quantum.
For these reasons, the judgment of the trial court dismissing plaintiff's tort action against defendant S & W is affirmed.
AFFIRMED.
NOTES
[1] Intervenor incorporates plaintiff's brief as its own except as regards the extent of plaintiff's injuries, which intervenor contests in a separate suit.