*920
 
 JUDE G. GRAVOIS, Judge.
 

 IgPlaintiff, Constantino Herrera, appeals from a summary judgment rendered in favor of defendant, Norma Montero, and her liability insurer, Lafayette Insurance Company. After thoroughly reviewing the record and the applicable law, for the reasons that follow, we find no merit to the plaintiffs assignments of error and therefore affirm the district court’s grant of summary judgment herein.
 

 Factual Background and Procedural History
 

 Plaintiff alleged that he was injured while cutting tree branches at Montero’s request in Montero’s yard. The briefs and record show that Herrera and Montero were acquainted through work. Montero asked Herrera if he would come over to her house to cut or prune branches on some trees in her yard, specifically because at least one branch was tangled in an overhead cable. Apparently Herrera had trimmed trees on at least one prior occasion for another friend, though he was not a tree trimmer by profession. Herrera went to Montero’s home to inspect the tree and agreed to cut the branches. He returned the next day with his own ladder and |shis own chain saw. He and Montero discussed the advisability of his using a safety harness, but he decided one was not necessary. It is undisputed that Montero did not direct or instruct Herrera on how to perform the work in any way.
 

 According to his deposition, Herrera placed the ladder upon the branch he was to cut. When he cut the branch, it did not fall the way he anticipated, but rather it fell in such a way that caused both Herrera and the ladder to fall to the ground, whereupon Herrera sustained the injuries for which he now seeks to hold Montero hable.
 

 Herrera filed suit against Montero and her homeowners’ insurer, alleging that Montero failed to exercise reasonable care under LSA-C.C. art. 2317.1.
 
 [1]
 
 He argues that Montero failed to maintain the tree properly and failed to warn him of the dangerous condition, the entanglement of its branches with the cable, both of which are the proximate cause of his injuries.
 

 On appeal, plaintiff argues that the trial court erred in granting summary judgment because 1) issues of material fact remain that preclude summary judgment; 2) factual issues were shown that supported a finding of negligence; 3) it was shown that defendant Montero’s actions caused plaintiffs injuries and damages; and 4) it was shown that Montero breached a duty to Herrera under the circumstances at issue.
 

 Defendants contend that there are no undisputed facts, material or otherwise. They argue that under the factual circumstances of this case, which are that Monte-ro engaged Herrera to rectify the very condition that he alleges constituted the breach of her duty to him that caused his injuries (the tangled branches with the 14cable), Montero has no liability to Herrera. Defendants also emphasize that Herrera decided the manner in which he would perform the work with no direction from Montero.
 

 Analysis
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria
 
 *921
 
 that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Gray v. Am. Nat’l Prop. & Cas. Co.,
 
 07-1670, p. 6 (La.2/26/08), 977 So.2d 839, 844. An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.
 

 The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action (subject to certain exceptions not pertinent herein). LSA-C.C.P. art. 966(A)(2). The procedure is favored and shall be construed to accomplish these ends.
 
 Id.
 

 Under LSA-C.C.P. art. 966(C)(2):
 

 The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 

 The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law.
 
 Hanks v. Entergy Corp.,
 
 2006-477 (La.12/18/06), 944 So.2d 564. "Whether the defendant breached |5that duty and whether that breach was a cause in fact of plaintiffs injuries are factual questions to be determined by the fact finder.
 
 Id.
 

 Addressing plaintiffs first assignment of error that issues of material fact remain that preclude summary judgment, our review of the record shows that all of the facts surrounding this accident are undisputed. It is apparent from reading plaintiffs brief that what he objects to is the trial court’s application of law to the undisputed facts. Plaintiff argues, for instance, that Montero’s allowing the tree branch to grow entangled with the cable is a material fact that the trial court should have found and therefore used to conclude that Montero breached her duty “to avoid the creation of an undue risk of harm to others.” The brief, however, fails to show the existence of any disputed facts or the possible existence of heretofore unknown facts surrounding this accident.
 

 The next three assignments of error are discussed in plaintiffs brief together. The record does not support plaintiffs assertion that factual issues were shown that supported a finding of negligence, nor was it shown that defendant Montero’s actions caused plaintiffs injuries and damages, nor was it shown that Montero breached a duty to Herrera under the circumstances at issue.
 

 The case of
 
 Zellers v. National American Ins. Co.,
 
 514 So.2d 234 (La.App. 5 Cir.1987), is instructive. In that case, plaintiff hired a professional tree trimmer to cut down a dying tree. The tree trimmer inspected the tree and agreed to cut it down. He returned and was in the process of cutting the tree when his own equipment failed and he fell to the ground, landing on some pipe that he had exposed in the process of his work. His petition for damages alleged that the defendant had faded to warn him about the dangerous condition of the tree. In affirming the
 
 *922
 
 grant of summary judgment, this Court, at page 236, stated:
 

 |fiIn this case, the moribund condition of the tree may have constituted a hazard imposing liability on defendant, had it caused an injury to someone other than this particular plaintiff under these particular circumstances. But this plaintiff is clearly a professional tree cutter who was specifically hired to eliminate the potential danger. He entered into that work fully cognizant of the risks he was incurring. These uncontested facts do not show a basis for imposing liability on defendants, and we can conceive of no other facts, nor has plaintiff suggested any, which would impose liability on defendants for plaintiffs injury. Since we conclude reasonable minds must inevitably concur as a matter of law on these particular facts, we find the summary judgment was properly granted.
 

 The same reasoning applies to this case and compels the same result. That Herrera was not a “professional” tree cutter is a distinction without a difference. Monte-ro clearly engaged plaintiff to remedy the very condition, the branch tangled in the cable, which plaintiff now claims Montero failed to warn him of. It is clear that Herrera knew the branch was tangled in the cable because he was there to eliminate it. Herrera agreed to perform the work only following his inspection of the tree, did so with his own equipment, and performed the work under his own direction. What he may not have appreciated is how the tree branch would fall once he cut it, but that result of his own actions does not create a duty owed by Montero to him. Under these undisputed factual circumstances, plaintiff has failed to show that any action of Montero caused his injuries, nor has he shown that she breached any duty to him, to warn or otherwise.
 
 [2]
 

 At the second hearing in the district court on plaintiffs motion for summary judgment, plaintiff cited
 
 Socorro v. City of New Orleans,
 
 579 So.2d 931 (La.1991), to support his contention that Montero’s failure to warn was a factor in causing the accident. However, we find that case distinguishable. In that case, plaintiff sustained serious injuries when he dove into an area of Lake Pontchartrain 17and struck submerged concrete rip rap. The court found that the absence of warning signs, combined with the alluring bulkhead and the submerged rip rap, created an unreasonably dangerous condition, and that, therefore, the City breached its duty to warn swimmers about the presence of the submerged rip rap. In the instant case, the complained-of condition, the branch tangled in the cable, was open and obvious, and it is undisputed that the plaintiff knew about it, since he was there to cut the branch away from the cable.
 

 Conclusion
 

 The district court’s grant of summary judgment herein in favor of defendants is hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
 

 [2]
 

 . We note that plaintiff had ample opportunity in the court below to present his case. After the hearing on the motion for summary judgment on May 30, 2008, the trial court agreed to keep the matter open, at plaintiff's request, for additional discovery. The parties returned to court on September 25, 2008, at which time plaintiff acknowledged that he had not propounded any additional discovery or supplemented his pleadings. The matter was argued again briefly, whereupon the court granted summary judgment in favor of defendants.