GERALD P. SNYDER, GAVIN P. SNYDER AND TOMMY A. GUIDRY, JR., ALL AS PROPER REPRESENTATIVES OF THE DECEDENT, KAREN G. SNYDER

VERSUS

DONAVAN D. BOURGEOIS AND SARA S. BOURGEOIS AND THEIR UNKNOWN INSURANCE COMPANY ABC INSURANCE COMPANY AND BRAD PARRINO TRUCKING, LLC AND THEIR UNKNOWN INSURANCE COMPANY XYZ INSURANCECOMPANY

NO. 21-C-608

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy Clerk, Clerk of Court

January 24, 2022

Alexis Barteet
Deputy Clerk

IN RE DONAVAN AND SARA BOURGEOIS

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEVEN C. TUREAU, DIVISION "D", NUMBER 40,295

Panel composed of Judges Stephen J. Windhorst, Hans J. Liljeberg, and John J. Molaison, Jr.

**WRIT GRANTED**

The relators, defendants Donavan and Sara Bourgeois, seek review of the trial court's judgment of September 8, 2021, denying their motion for summary judgment to dismiss the claims of the respondents, plaintiffs Gerald P. Snyder, Gavin P. Snyder, and Tommy A. Guidry, Jr. For the following reasons, we grant the writ application and the relators' motion for summary judgment.

The respondents brought a wrongful death and survival action arising out of the death of their relative, Karen G. Snyder, on the relators' property. On May 23, 2020, the decedent and her husband, respondent Gerald P. Snyder, went on the relators' property in St. James Parish where a pond was being excavated, by co-defendant, Brad Parrino Trucking, LLC, for dirt to be used in the construction of the relators' home. While Gerald Snyder went into the pond to move some of the hoses connected to a pump, the decedent fell into the pond, causing injuries to her vertebrae and head which resulted in her death on May 28, 2020.

The respondents filed a petition on February 22, 2021. On May 17, 2021, the relators filed a peremptory exception of no right of action and motion for summary judgment asserting that the pond was an open, obvious, and apparent

defect. One of the exhibits to the motion for summary judgment was an affidavit of Donovan Bourgeois stating that the dimensions of the pond were 200 feet long, 50 feet wide, and 12-15 feet deep at the time of the accident and attaching photographs of the pond.

We review the granting or denial of summary judgment *de novo*, making our determination under the same criteria governing the district court's consideration of the motion. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93–2512 (La. 7/5/94), 639 So.2d 730, 750. A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The moving party's burden of proof on the motion, for issues on which he will not bear the burden of proof at trial, is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). Thereafter, the nonmoving party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact. *Id.* The party opposing summary judgment cannot rest on the mere allegations of his pleadings, but must show that he has evidence that could satisfy his evidentiary burden at trial; if he does not produce such evidence, then there is no genuine issue of material fact and the mover is entitled to summary judgment. *Mbarika v. Bd. of Sup'rs of Louisiana State Univ.*, 07–1136 (La. App. 1 Cir. 6/6/08), 992 So.2d 551, 561, *writ denied*, 08–1490 (La. 10/3/08), 992 So.2d 1019.

The respondents assert that the relators were negligent in failing to provide safe premises, failing to maintain the premises in a reasonably safe condition, failing to place proper signs to warn users of a dangerous area, failing to properly maintain and operate the premises, allowing and creating a hazardous and dangerous condition, failing to warn users of dangers, failing to inspect premises, and failing to exercise due care.

In Louisiana, the owner of immovable property has a duty to keep his property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. *Pryor v. Iberia Parish School Board*, 10-1683, (La. 3/15/11), 60 So.3d 594, 596. The basis for such liability is established in Louisiana Civil Code articles 2315, 2317, and 2317.1. La. C.C. art. 2317.1 provides that "[t]he owner or custodian of a thing is answerable for the damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." *Granda v. State Farm Mutual Ins. Co.*, 04–1722 (La. App. 1 Cir. 2/10/06), 935 So.2d 703, 707, *writ denied*, 06–0589 (La. 5/5/06); 927 So.2d 326.

To recover, the respondents must establish that (1) the relators were the owner or custodian of the land; (2) the land contained a defect, *i.e.*, a condition that created an unreasonable risk of harm; (3) the unreasonably dangerous condition caused his injuries; (4) the relators had actual or constructive notice of the condition; (5) decedent's injuries could have been prevented by the exercise of

reasonable care; and (6) relators breached their duty of reasonable care. *See Teel v. State, Dept. of Transp. and Development*, 96-0592 (La. 10/15/96), 681 So.2d 340, 343.

The Louisiana Supreme Court devised a risk-utility balancing test involving consideration of four pertinent factors in determining whether a condition is unreasonably dangerous: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Bufkin v. Felipe's Louisiana, LLC*, 14-0288 (La. 10/15/14),171 So. 3d 851, 859 (citing *Broussard*, 113 So.3d at 184). When the burden of the precautionary activity outweighs the probability and magnitude of the risk, the custodian owes no duty to correct the alleged defect. *Dauzat v. Curnest Guillot Logging Inc.*, 995 So.2d 1184, 1186-87 (La. 2008).

The respondents failed to present evidence to prove that the pond was an unreasonably dangerous condition. In looking at the elements of the risk-utility balancing test, the pond was useful to the landowners in the construction of the home on their private property. The cost of preventing the harm by roping off the area was not presented by the respondents. Additionally, the decedent's activity of going into the area under construction, near a body of water, was dangerous by its nature and the respondents failed to present any evidence of the social utility of her conduct.

Finally, as to the element of the likelihood of harm, a landowner does not insure "against the possibility of an accident on his premises, but rather he must act reasonably in view of the probability of injuries to others." *Paul v. Commercial Union Ins. Co.,* 535 So.2d 1319, 1320 (La. 1988). A landowner is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner. *Williams v. Leonard Chabert Medical Center*, 98–1029, (La. App. 1 Cir. 9/26/99), 744 So.2d 206, 211, *writ denied*, 00–0011 (La.2/18/00), 754 So.2d 974; *Paul,* 535 So.2d at 1320. Defendants generally have no duty to protect against an open and obvious hazard. *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533 (La. 2/20/04), 866 So.2d 228, 235. If the facts of a particular case show that the complained condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. *Pitre v. Louisiana Tech University*, 95–1466, 95–1487 (La. 5/10/96), 673 So.2d 585, 591.

In this case, the construction pond was two hundred feet long and fifty feet wide. The affidavit of the respondent, Gerald Snyder, establishes that he and the decedent were aware of the pond, with the enclosed pump, and approached it. The murky water of the pond, combined with the pumps, shows that this is not a case where the relators could have reasonably anticipated that visitors to the property could perceive the pond as an attractive swimming area and that this type of harm could arise in this manner. *See Socorro v. City of New Orleans,* 579 So.2d 931, 940 (La. 1991). This is more similar to uncovered holes in a construction area where an employee is injured while aware of the existence of the holes. *Fluence v. Marshall Bros. v. Lincoln-Mercury Inc.*, 10-482 (La. App. 5 Cir. 11/23/10), 54 So.3d 711, 712-13. As we found in that "open and obvious hazard" case, a defendant violates no duty to the plaintiff if the danger should have been observed

by an individual in the exercise of reasonable care and the plaintiff was aware of the condition. *Id.*

Summary judgment is proper when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous. *Ladner v. REM Mgmt., LLC*, 20-0601 (La. App. 1 Cir. 12/30/20), 318 So.3d 897, 901, *writ denied*, 21-00151 (La. 3/23/21), 313 So.3d 271. Therefore, we find that the respondents cannot meet their burden of proving that the construction pond created an unreasonable risk of harm.

The respondents further allege they did not have enough time to conduct discovery before the hearing on the motion for summary judgment. While La. C.C.P art 966(A)(3) allows for "an opportunity for adequate discovery," the only requirement is that the parties be given a fair opportunity to present their claim. *Simoneaux v. E.I. du Pont de Nemours & Co., Inc.*, 483 So.2d 908, 913 (La. 1986). Unless the plaintiff shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. *Id.* Although the respondents argue they needed more time for discovery, they fail to show what evidence they seek to discover which could establish that the construction pond and enclosed pump were not an open and obvious condition.

Therefore, we reverse the trial court's denial of the relator's motion for summary judgment. We grant the relators' motion for summary judgment and dismiss the respondents' claims.

Gretna, Louisiana, this 24th day of January, 2022.

**JJM**
**SJW**
**HJL**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/24/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**21-C-608**

### E-NOTIFIED

23rd Judicial District Court (Clerk)
Honorable Steven C. Tureau (DISTRICT JUDGE)
Michael J. Remondet, Jr. (Respondent)

Tomy J. Acosta (Respondent)
Ashley D. Tadda (Relator)
Robert J. Snyder, Jr. (Respondent)
Dean T. DeFrancesch (Respondent)
James A. Harry (Respondent)

### MAILED

Barbara Lane Irwin (Relator)
Timothy E. Pujol (Relator)
Attorney at Law
12320 Highway 44
Building 4, Suite C
Gonzales, LA 70737

1|24|22

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Timothy E. Pujol
Barbara Lane Irwin
Attorneys at Law
12320 Highway 44
Building 4, Suite C
Gonzales, LA 70737

21-C-608                01-24-22

9590 9402 2434 6249 3629 80

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6397

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Julia Day*    ☐ Agent
                 ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
*Julia Day*                         1/27/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt